Day, J.
 

 So much of the will of Samuel C. Oswald, deceased, as is material to the questions involved herein is as follows:
 

 “First. I will and bequeath to my wife, Jen
 
 *40
 
 nie V. Oswald, whatever property I am possessed at my decease, both personal and real. She to have full power to sell, deed and transfer any or all of it, as she may deem best to better her condition.
 

 “Second. After the death of my wife whatever property remains of my estate I will and bequeath as follows: One-half (%) to J. "W. Oswald or his issue; one-half (%) to J. M. Oswald or his issue.
 

 “Third. At the time of this distribution, should either of my brothers above be deceased, without leaving issue — then such share shall go to the brother remaining or his issue.”
 

 Upon an application made in the probate court to appraise and fix the inheritance tax, that court found that Jennie y. Oswald had a life estate, with power to sell, deed, and transfer any and all of it, as she might deem best to better her condition; that the remainders created by the second and third items were vested remainders, subject to be diminished or defeated by the exercise of the power conferred upon Jennie V. Oswald in the first item; that, as such vested
 
 remainders, they
 
 were, pursuant to the terms of Section 5343, General Code, subject to a succession tax of 7 per cent., as provided in Section 5335, General Code, and that the succession of Jennie V. Oswald should be taxed at 1 per cent.
 

 Upon appeal the common pleas court found that the estate of Jennie V. Oswald was a fee simple, subject to be divested, and that the market value of the remainder could not now be fixed, but that the succession tax thereon should be postponed till the remaindermen came into possession. That
 
 *41
 
 court further found that an exemption of $5,000 from the net estate, $29,879.17, should be allowed, leaving a balance of $24,879.17, upon which apparently a 1 per cent, tax was levied, reaching the sum of $248.79, for which amount the common pleas court rendered judgment.
 

 Upon error prosecuted to the Court of Appeals, that court found that Jennie V. Oswald took an estate in fee simple and determined the amount of the succession tax to be in the amount determined by the common pleas court.
 

 From these three varied conclusions, it is manifest that the questions to be determined are: First. What estate did Jennie V. Oswald acquire by the will of Samuel C. Oswald, deceased? Second. Were there remainders created by said will? Third. If there were, how shall the same be taxed?
 

 As to the interest that passed to Jennie V. Oswald, under the will in question, we are unable to distinguish this case in principle from that of
 
 Johnson
 
 v.
 
 Johnson,
 
 51 Ohio St., 446, 38 N. E., 61:
 

 “1. A testator, after providing for the payment of his debts, used the following language in his will: ‘Second — I give and devise unto my beloved wife, and her assigns, all of the remainder of my property, both real and personal, however the same may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters, and their children, if deceased, the children to have the same
 
 *42
 
 amount the parent would be entitled to if living.’
 
 Held:
 
 That under this will the widow took only a life estate in the property, both real and personal, with power to bargain, sell, eonvey, exchange or dispose of the same as she might think proper for consumption in her life support, and that what remained at the time of her death, unconsumed in supporting her, belongs to the remaindermen designated in the will.”
 

 The rule, as laid down in
 
 Johnson
 
 v.
 
 Johnson, supra,,
 
 is founded upon the cases of
 
 Baxter
 
 v.
 
 Bowyer,
 
 19 Ohio St., 490, and has been followed by this court in
 
 Enyart
 
 v.
 
 Keever,
 
 52 Ohio St., 631, 44 N. E., 1135;
 
 Greene
 
 v.
 
 Greene,
 
 57 Ohio St., 628, 50 N. E., 1129;
 
 Campbell
 
 v.
 
 Greenawalt,
 
 67 Ohio St., 520, 67 N. E., 1095;
 
 Robbins
 
 v.
 
 Smith,
 
 72 Ohio St., 1, 17, 73 N. E., 1051;
 
 Fetter
 
 v.
 
 Rettig,
 
 98 Ohio St., 428, 430, 121 N. E., 696; and
 
 Raymund
 
 v.
 
 Williams,
 
 100 Ohio St., 544, 127 N. E., 925.
 
 Min Young
 
 v.
 
 Min Young,
 
 47 Ohio St., 501, 25 N. E., 168, may also be cited, where the principle is applied, though the case is not cited in the Johnson opinion. Outside this state
 
 Johnson
 
 v.
 
 Johnson, supra,
 
 has been cited with approval:
 
 Putnam
 
 v.
 
 Lincoln Safe Deposit Co.,
 
 34 Misc. Rep., 333, 337, 69 N. Y. Supp., 808;
 
 Id.,
 
 66 App. Div., 136, 144, 72 N. Y. Supp., 968;
 
 Baldwin
 
 v.
 
 Morford,
 
 117 Iowa, 72, 76, 90 N. W., 487;
 
 Hardy
 
 v.
 
 Mayhew,
 
 158 Cal., 95, 102, 104, 310 Pac., 113, 139 Am. St. Rep., 73;
 
 Adams
 
 v.
 
 Prather,
 
 176 Cal., 33, 40, 167 Pac., 534; and in Notes, 18 L. R. A. (N. S.), 469, and 2 A. L. R., 1299, 1304, 1317, 1320, 1325.
 

 In view of the fact that
 
 Enyart
 
 v.
 
 Keever, supra; Greene
 
 v.
 
 Greene, supra; Campbell
 
 v.
 
 Greenawalt,
 
 
 *43
 

 supra,
 
 and
 
 Raymund
 
 v.
 
 Williams, supra,
 
 were affirmed upon the precedent of the
 
 Johnson case,
 
 without report, and the wills involved were not set forth in the printed reports, it is thought best to give their substance as disclosed- by the records of this court:
 

 Enyart
 
 v.
 
 Keener:
 

 “I give, devise and bequeath all my property * * * to my sister, Sarah Enyart, * * * but subject to the conditions and provisions of item second of this my will.
 

 “Item 2. I do hereby authorize and direct that my said sister, Sarah, shall have full authority * * * to hold, use, and enjoy the said estate as fully as I could myself, hold, use, and enjoy the same if living, with the right to sell and dispose of the same by will or otherwise, * * * provided that should the said Sarah depart this life before the decease of her husband, Hugh Enyart, then the said property and estate, so far as the same shall remain undisposed of by my said sister during her lifetime .shall, upon her decease, go to and become the property and estate of [remainder-men] * * * in fee simple, absolutely and forever.”
 

 Campbell
 
 v.
 
 Greenawalt:
 

 “Item Second — I will and devise to my wife, Eliza J. Shaffner, her heirs and assigns forever, all my estate, real and personal and mixed of every kind and description. It is my desire * * * if she shall deem it necessary to sell all or any part of .said real estate for * * * any purpose whatever, I authorize her to sell the same at public or private sale and to make a deed or deeds in fee
 
 *44
 
 simple. * * * I further will and desire that at the death of my wife, whatever of said real estate may remain unconsumed or not disposed of by my wife * * * be divided into two equal parts,” to be divided among remaindermen.
 

 Greene
 
 v.
 
 Greene:
 

 “Item 2. I give, devise and bequeath to my beloved wife, Martha K. Greene, her heirs and assigns, all of my estate that I may die possessed of, or entitled to, of every description to use, enjoy and dispose of as she shall deem best. Any remainder thereof, at her decease, to be divided share and share alike between my children then living, or their lawful issue.”
 

 Raymund
 
 v.
 
 Williams:
 

 “2d. Item Second. I do give and bequeath to my beloved wife all of the property of which I die seized of every kind and description, real, personal and mixed, to have and to hold the same to her own proper use and benefit with full power to sell and convey the same or any part thereof without accounting therefor to any person whomsoever.
 

 “3d. Third Item. It is my will that in event my said wife shall not have disposed of all of said property so devised to her hereinbefore, but shall retain a portion thereof or its proceeds up to the time of her death, that such portion so remaining undisposed of shall pass to and vest in a trustee [for remaindermen].”
 

 The other Ohio cases above noted, in which
 
 Johnson
 
 v.
 
 Johnson, supra,
 
 has been followed, appear in full in the reports of this court, and reference for the terms of the wills involved is made thereto.
 

 
 *45
 
 The following paragraphs from the opinion in the
 
 Johnson case,
 
 page 458, of 51 Ohio St., page 64 of 38 N. E., are singularly applicable to the case at bar:
 

 “The plain intention of the testator, as shown by the whole will, is, that the property is given to the widow to be by her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange, or dispose of the same as she may think proper, limited, however, in the exercise of such power, to the purpose for which the property is given to her, that is, for her consumption.
 

 “The devise over to his brothers and sisters and their children is of itself enough to show that the testator intended that his widow should use and consume the property only during her lifetime, and that he did not intend to empower her to dispose of the fee by gift during her life, nor by will at her death.
 

 “This is clearly the intention of the testator, when effect is given to the whole will, and the intention should always govern. Unless the will conflicts with some provision of law, all other rules of construction must yield to the rule that the intention of the testator, as gathered from the whole will, must control.”
 

 Our attention is called to the case of
 
 Widows’ Home
 
 v.
 
 Lippardt,
 
 70 Ohio St., 261, 71 N. E., 770. Between that case and the ease at bar there is this difference, the testator in this case does not undertake to define the interest given his wife. He makes disposition in general terms, but immediately follows by a power of sale, coupled with the
 
 *46
 
 limitation, “as she may deem best to better her condition.” But in the case of
 
 Widows’ Home
 
 v.
 
 Lippardt, supra,
 
 the testator in so many words gives all his “estate * * * in fee simple,” followed by the
 
 unlimited power
 
 “to sell or dispose of it as she may see fit.”
 

 In this connection we call attention to the language of the court in the
 
 Lippardt case,
 
 at page 291 of 70 Ohio St., page 774 of 71 N. E.:
 

 “But it is unnecessary to determine the estate taken by Maria Zeltner in the view taken of the power given her by the will. A life estate in real property with a power to convey in fee is not an estate in fee simple but it is more than an estate for life, the estate, it is true, is not greater, but there is an estate and a power.”
 

 It would therefore seem that in the Oswald will here under consideration, the intention of the testator to create the life estate is more marked, because the power in Jennie Y. Oswald to sell is coupled with the limitation, “as she may deem best to better her condition,” whereas in the Zeltner will the power was a very broad and general one, and unlimited, to-wit, “as she may see fit.”
 

 It is to be borne in mind that in
 
 Widows’ Home
 
 v.
 
 Lippardt, supra,
 
 the question there involved was not whether or not the widow took a fee simple, but whether or not, under the language contained in the will, she had a right to sell and convey the land, and the holding was that a deed made by the first beneficiary (Mrs. Zeltner), which was good as against her, is also good as against the second beneficiary. This holding, however, does not justify the conclusion that the widow has a fee as
 
 *47
 
 against the second devisee. She might convey a fee under the power, yet not herself have a fee.
 

 The distinction between
 
 Johnson
 
 v. Johnson,
 
 supra,
 
 and
 
 Widows’ Home
 
 v. Lippardt,
 
 supra,
 
 is recognized in the opinion in the latter case. On page 296, of 70 Ohio St., on page 776 of 71 N. E., 25, this language is found:
 

 “Whether or not the conclusion that a limitation over of what remained unconsumed was a limitation of the power is supported by the authorities, it is not important to inquire for no word of similar import is found in the will of John Zeltner, and if that conclusion in
 
 Johnson
 
 v.
 
 Johnson
 
 is correct, the case is sustained by abundant authority.”
 

 The essential difference between, the two cases is really based upon the fact that in the Zeltner will an absolute estate in fee was conveyed in the first instance, and the power given was an unlimited one. In the case at bar there was a limitation upon the power, to-wit, “as she may deem best to better her condition,” and a gift over of what remained unconsumed by exercising the power, thus evidencing an intention upon the part of the testator not to create a fee simple, nor a fee simple liable to be divested, but rather to create a life estate coupled with a limited power.
 

 In
 
 Widows’ Home
 
 v.
 
 Lippardt, supra,
 
 the case of
 
 Stuart
 
 v.
 
 Walker,
 
 72 Me., 145, 39 Am. Rep., 311, is quoted with approval, and a portion thereof is in point in the present instance:
 

 “But where the power of disposal is not an absolute power, but a qualified one, conditioned upon some certain event or purpose, and there is a re
 
 *48
 
 mainder or devise over, then the words last used do restrict and limit the words first used, and have the force and efficacy to reduce what was apparently an estate in fee to an estate for life only. Thus: A gives an estate to B, with the right to dispose of as much of it, in his lifetime, as he may need for his support, and if anything remains unexpended at B’s death, the balance to go to C. Here there may be something to go over. B is to dispose of the estate only for certain specified purposes. He can defeat the remainder, only by an execution of the power. The clear implication of such a bequest, taking all its parts together, is that B is to possess a life estate. Here a life estate is implied, and is not expressly created.”
 

 An examination of the Oswald will discloses that the testator devised his estate, first, in general terms; second, coupled that gift with a power limited to a .specific purpose; and third, gave to the remaindermen whatsoever remained unconsumed after the exercise of the power.
 

 Now, it is rudimentary in the construction of wills that the intention of the testator is to be ascertained, and the whole will given force and effect, if such a construction can be reached consistent with the application of legal principles, and that, when an instrument is open to two constructions, one of which will give effect to the whole instrument and the other will destroy a part of it, the former must always be adopted.
 

 Applying that doctrine to the case at bar, if the intention of the testator is found to be the creation of an estate in fee simple, or an estate in fee, subject to be divested, then there is an absolute wiping
 
 *49
 
 out of the second and third paragraphs of the will. On the other hand, if the gift is found to he a life estate, coupled with power for a limited purpose, and remainder over, then all portions of the will are given force and effect and consistent construction.
 

 This question of consistency in interpretation of all provisions of a will is touched upon in
 
 Robbins
 
 v.
 
 Smith,
 
 72 Ohio St., 1, 16, 73 N. E., 1051, 1055, and in the opinion citation of
 
 Johnson
 
 v.
 
 Johnson, supra,
 
 is made:
 

 “The real question at the bottom of the inquiry, so far as the claim of repugnancy is concerned, is akin to that presented in
 
 Baxter
 
 v.
 
 Bowyer,
 
 19 Ohio St., 490, and in
 
 Johnson
 
 v.
 
 Johnson,
 
 51 Ohio St., 446. Those cases establish the rule that conflicting provisions of a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where .such provisions are wholly and absolutely repugnant that either should be rejected. And where, by one clause in a will, property is devised or bequeathed, by words
 
 prima facie
 
 importing an absolute estate, and by subsequent clause is given in remainder to another person, the first devisee or legatee takes only a life estate, and the limitation over is valid. Giving effect to this principle, the general intent and paramount purpose of the will can be easily carried out. The principle here declared is abundantly sustained by
 
 Smith
 
 v.
 
 Bell,
 
 6 Pet., 68, and a long line of adjudications since."
 

 It is to be borne in mind that the Oswald will does not come within the purview of those cases where an estate was given in general terms coupled
 
 *50
 
 with an unlimited and absolute power; but it is to be especially noted that while the gift was in general terms, the power with which it was coupled is of
 
 limited character
 
 and for a specific purpose. In such instances the estate is a life estate, and the devise over is good as a gift of a true remainder, as to the property not consumed under the power.
 

 “Where a testator devises an estate in general terms, without specifying the nature of the estate, and gives the devisee a power of disposition of the property, providing a limitation over; if the power of disposal is unconditional, the devisee takes a fee; if conditioned upon some certain event or purpose, he takes a life estate only.”
 
 Stuart
 
 v.
 
 Walker, supra.
 

 “If testator devises an estate which isi clearly a life estate, and adds to such devise limited powers of disposition and alienation, the authorities are nearly unanimous in holding that such a power of disposition does not enlarge the life estate into a fee, but that the estate created is exactly what it purports to be; that is to say, a life interest with power to testator under certain conditions and in certain methods to dispose of the fee.” Rockel's Probate Practice, Section 1193; Page on Wills, Section 576; Schouler on Wills, Section 1243, and
 
 Olson
 
 v.
 
 Weber,
 
 194 Iowa, 512, 187 N. W., 465; 21 R. C. L., 776, Section 5.
 

 Of course the devise of a life estate may be clearly expressed, either in words, or by the manifest intention of the testator as gleaned from the entire will.
 

 Our attention is called to the case of
 
 Roberts
 
 v.
 
 *51
 

 Lewis,
 
 153 U. S., 367, 14 Sup. Ct., 945, 38 L. Ed., 747. The question decided in that case is in reality the same question that is decided in
 
 Widows’ Home
 
 v.
 
 Lippardt, supra,
 
 which is to the effect that a devisee may have power under a will to convey an estate in fee simple by virtue of the power expressed in the will, and that such conveyance is good against any remainderman named in the will.
 

 It is to be noted in
 
 Roberts
 
 v.
 
 Lewis, supra,
 
 on page 379 of 153 U. S., on page 947 of 14 Sup. Ct. (38 L. Ed., 747), the court uses this language:
 

 “It is unnecessary to express a positive opinion upon the question whether, under this will, the widow took an estate in fee; for if she took a less estate with power to convey in fee, the result of the case, and the answers to the questions certified, must be the same as if she took an estate in fee herself.”
 

 A power is not property, but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life estate previously given, but confers an authority in addition thereto. One may have a life estate and yet be empowered to convey an estate in fee simple.
 

 We have therefore reached the conclusion that this will contains a gift for life, with power to invade the principal in whole or in part and consume the same, if necessary, “as she may deem best to better her condition,” and is no more than a life estate, coupled with the limited power to be exercised for the benefit of the life tenant.
 

 This brings us to the second inquiry, to-wit, Is
 
 *52
 
 there a remainder over created by this will, and, if so, is it vested or contingent?
 

 Having found that the widow, Jennie Y. Oswald, takes but a life estate, coupled with the limited power, it follows that the second and third items create a remainder in the brothers, J. W. Oswald, or hi® issue, and J. M. Oswald, or his issue. The further inquiry is necessary as to whether the same are vested or contingent remainders. A remainder is
 
 vested
 
 when there is a present fixed right to future enjoyment. A remainder is contingent which comes into enjoyment or possession on the happening of some uncertain event.
 

 The further distinction is, however, to be borne in mind that it is not the uncertainty of enjoyment in future, but the uncertainty of the
 
 right
 
 to that enjoyment, which marks the distinction between a vested and contingent remainder.
 

 Now, it is apparent that the
 
 right
 
 to this estate in remainder was fixed and certain upon the death of the testator to the class named, to-wit, the two brothers, or their issue, but the
 
 enjoyment
 
 or
 
 possession
 
 of such remainder was postponed to some future time, to-wit, “after the death of my wife, Jennie Y. Oswald.” The right to the property could not be taken away, but the
 
 enjoyment
 
 or the possession of the property was postponed and might be taken away by the exercise of the power by the life tenant. Therefore it follows that in this will the gift over of what may remain unconsumed by Jennie Y. Oswald amounts to a vested remainder in the whole of said property subject to be divested, in part, from time to time, and possibly, in whole, by the exercise of the limited power
 
 *53
 
 set forth in the will. As is said in
 
 Johnson
 
 v.
 
 Johnson, supra,
 
 page 460 of 51 Ohio St., page 64 of N. E.:
 

 “Having construed this will as giving to the widow only an estate for life, it follows that the brothers and sisters of the testator had a vested remainder in so much of the estate as should remain unconsumed by her at her death. The amount of this vested remainder was uncertain so long as the widow continued to live, and the whole of it was liable to be divested in case she should consume the whole of the estate for her support during her lifetime.”
 

 It is well established in this state that the law favors the vesting of estates.
 
 Linton
 
 v.
 
 Laycock,
 
 33 Ohio St., 128.
 

 Being of opinion that the will creates a vested remainder, subject to be divested by the exercise of the power by the life tenant, the remaining inquiry is: How shall the same be taxed?
 

 Clearly the provisions of Section 5336, General Code, do not apply, for that section relates to estates (1)
 
 “limited, dependent or determinable upon the happening of any contingency or future event,”
 
 (2)
 
 “not vested at the death of the decedent,”
 
 and (3)
 
 “by reason of which the actual market value thereof cannot be ascertained at the time of such death.”
 
 In the case at bar two elements of Section 5336, to-wit, the second and third, as above noted, are wanting, hence the section cannot apply. It therefore must follow that Section 5343, General Code, must apply, for the remainders are vested, and their actual market value can be ascertained as of the date of the death of the tes
 
 *54
 
 tator. So ranch of Section 5343 as is pertinent reads:
 

 “When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created,
 
 defeated,
 
 extended or
 
 abridged,
 
 a tax .shall be imposed upon such successions at the highest rate which, on the happening of any such contingencies or conditions, would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the probate court shall enter a temporary order determining the amount of such taxes in accordance with this section.”
 

 It follows, therefore, that the remainders created by this will are vested, subject to-be divested by the exercise of the power, and are to be taxed immediately, just as if there was no possibility of being divested, and, when divested, if ever, in whole or in part, refunders are to be made to the remaindermen in the manner pointed out by Sections 5342 and 5343, General Code. The statute seems to require that the-court, in finding the amount of the succession tax, should take into consideration the remote possibilities as well as the present possibilities, and therefore all possible contingencies that may arise under this will shall, under Section 5343, General Code, be considered in the premises.
 
 In re Zborowski,
 
 213 N. Y., 109, 107 N. E., 44;
 
 In re Parker,
 
 226 N. Y., 260, 123 N. E., 366;
 
 People
 
 v.
 
 Donohue,
 
 276 Ill., 88, 114 N. E., 513;
 
 People
 
 v.
 
 Byrd,
 
 253 Ill., 223, 97 N. E., 293, and
 
 People
 
 v.
 
 Starring,
 
 274 Ill., 289, 113 N. E., 627.
 

 
 *55
 
 If this method of taxation seems harsh, the remedy for the situation is in the Legislature, and not in the courts, as we must take the statutes as we find them.
 

 This method of collecting taxes upon succession to estates having been provided by the Legislature, we must give such construction thereto as the laws of statutory interpretation require.
 

 To summarize, therefore, we are of opinion that the estate created by this will in Jennie V, Oswald was a life estate, coupled with a limited power to sell and dispose of any part or all “as she may deem best to better her condition”; that the remainders created by said will were vested remainders in the two brothers, or their issue, subject to be divested by the exercise in whole or in part of the power named in the will.
 

 ■ Having reached this conclusion, it follows that the provisions of Sections 5342, 5343, 5334, and 5335, shall be applied; that a tax of 1 per cent, shall be levied upon the value of the succession of Jennie V. Oswald, in the sum of $127.79, and a tax levied upon the succession of the remainder, at the rate of 7 per cent., in the sum of $847, making a total tax of $974.79.
 

 The finding of the Court of Appeals and the common pleas court is therefore reversed, and the judgment of the probate court is affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.