## KNOBLAUCH v SCHLEICHER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9241. Decided Feb. 11, 1929

Messrs. T. J. Long & L. A. Litzler, Cleveland, for Knoblauch.

Messrs. Young, Stocker & Fenner, Cleveland, for Schleicher.

Judges MIDDLETON & MAUCK (4th Dist) & ROBERTS, (7th Dist) sitting)

ROBERTS, J.

The issue in this action or the necessity for a construction of Item Second and Third of the will, arises by reason of the conflicting disputes of the parties to this action. The plaintiff, Michael J. Knoblauch, the surviving husband, of the deceased daughter, Clara, claims that Mathilda, his mother-in-law, under the terms of this will, took only a life interest in the property at best, and that his wife together with the other daughters, had, by the terms of the will, a vested interest in the remainder in the real estate in question. That his wife dying intestate, such share of the real estate as belonged to her descended as ancestral property whereby he acquired a life interest in such share of the real estate as was vested in his wife as aforesaid.

It is contended on behalf of the daughters who are defendants in this action, that by proper construction of the will their mother took a fee simple in the real estate mentioned in the will; that none of the daughters acquired any interest therein until after the death of the mother and then the surviving daughters inherited the property by virtue of the terms of the will of their mother and that Clara having died prior to their mother never had any interest in the real estate and subsequently no interest passed to the plaintiff as the surviving husband of the deceased daughter, Clara.

Having stated the agreed facts, the issues as raised by the pleadings and such part of the will as requires construction, before proceeding to a determination of what the will really means and how it

should be construed, it is logical that some reference should be made to authorities specifying and defining the rules pertinent for consideration, under conditions involved herein.

Anderson vs. Gibson, 116 OS. 684, Syllabus 1.

Tax Commission vs Oswald, 109 OS. 36-48.

McMerriman vs. Scheil Exrs. 108 334.

Williams Lessee vs Veach, 17 OS. 171-180.

Decker vs Decker, 3 OS. 157.

Linton vs Laycock, 33 OS. 128.

Ide vs Clark, 5 C. C. 239.

Collins vs Collins, 40 OS. 353.

Thornhill et al vs Hull, 2 Clark & Finn 22.

Page on Wills, Sec. 574.

In this connection it is contended that the will under consideration in its second item devises the real estate to the wife and that any language which follows this disposition is less clear, less certain and less dispositive than that part which provides for the wife, and that by the first part properly construed, the wife takes a fee simple in the real estate and that all the following language which in any way mentions the giving or conveying of an interest to the daughters, must fail and become inoperative. Difficulty is encountered in this and other instances in the recognition and application of the rule under which the defendants claim for the reason that a detrmination of the force and effect of the first clause which is sought to be limited, depends not only upon the language used in such disposition but also all that is otherwise said in the same connection tending to lessen or modify the first provision.

The clearness and explicitness of the first and claimed controlling provision, depends not only upon its language but upon other language used in connection therewith tending to modify or lessen the estate first attempted to be created. As has been previously said, "the cardinal rule of interpretation of a will is to ascertain the meaning and intention of the testator."

In the case of Moon Admr. vs Stewart, et al 87 OS. 349 it is said in the opinion, commencing on page 357:

(Here follows quotation).

It is very apparent in the instant case that the will under consideration was drawn by some person wholly unfamiliar with such work with the result that the will is not as clear and explicit as it should have been and justifies this action for a construction of its terms.

Referring to Item second of the will, following the provison for the wife, in the same paragraph it is said:

"She shall at any desirable time distribute the property among herself and daughters; Clara, Coletta, Florence, Mary and Irene"

and immediately following the Third item is as follows:

"In case that she should die before she makes the distribution of the property it should be equally divided among said daughters."

It is apparent that the wife and five daughters then living were the natural objects of the bounty of the testator and that he clearly had in mind the making of some provision for them in connection with provision for his wife. If we were to attempt to apply the rule claimed by counsel for the defendants all that is said concerning the daughters in the second and third items would have to be ignored and disregarded.

It seems fully as clear that the testator intended to make provision for the daughters as for the wife. Guided by the cardinal rule hereinbefore quoted, ascertaining and following the intention of the testator, we are irresistibly led to the conclusion that he intended to make disposition of property in favor of the daughters and that whatever would otherwise have gone to the wife was lessened and qualified by such interest as he intended to devise in favor of the daughters.

The will does not expressly state the precise share which the daughters respectively and the mother should have in the property, but did make it incumbent upon the wife to distribute the property among herself and daughters.

The reasonable construction of this language is that this distribution should be made in six equal parts, one part to the wife and one part to each of the daughters. The wife having failed to make distribution during her lifetime, then the third item becomes important which provides that in that event the property should be equally divided among said daughters. The wife having failed to exercise her right to make distribution and by her death her interest in the property having become extinguished, then the subsequent provision becomes applicable that it should be equally divided among said daughters. This leads us to the conclusion that under the terms of the will as construed, each of the daughters had undivided vested interests in the real estate and concededly such interest as the deceased daughter, Clara, had, descended as ancestral property giving the plaintiff a life interest in her share.

We thus reach the final conclusion that the true intent of the testator and the proper construction of his will is that John Joseph Schleicher intended his wife Mathilda, to divide his property equally between herself and the five daughters and that in the event she failed to do so said property should be equally divided among the five daughters. The plaintiff therefore is the owner of a life estate in an undivided one-fifth of the real estate mentioned in the last will and testament of Joseph Schleicher which property is more fully described in the joint answer and cross-petition of the defendants than in the will.

This, it may be added, is the same construction made of the will as by the Court of Common Pleas of Cuyahoga County.

Middleton, PJ, and Mauck, J, concur.