**DEWOLF, ET, Plaintiffs-Appellees, v FRAZIER, ET, EXR., Defendants-Appellants.**

Ohio Appeals, Second District, Shelby County.

No. 139.   Decided May 10th, 1947.

Philip Ebeling, Dayton, and R. E. Boller, Jr., Sidney, for plaintiffs-appellees.

H. K. Forsyth, and Urban Doorley, both of Sidney, for defendants-appellants.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law and fact from the judgment of the Probate Court of Shelby County, Ohio, rendered in an action for declaratory judgment, in which the court construed the will of Ella Miller, deceased.

The said Ella Miller died testate, a resident of Shelby County, Ohio, October 18, 1940, leaving a last will and testament, which was duly admitted to probate in the Probate Court of Shelby County, Ohio, on October 29, 1940, on which date Jesse L. Frazier duly qualified as Executor of said will.

The chief beneficiary under the will of Ella Miller was her sister, Agnes Frazier, who died testate, a resident of Shelby County, Ohio, on October 24, 1945, leaving a last will and testament, which was duly admitted to probate in the Probate Court of Shelby County, Ohio, on November 8, 1945, in which Jesse L. Frazier, the surviving spouse of Agnes Frazier, was named the chief beneficiary.

The plaintiffs, Jean Bull De Wolf and Georgialee Bull Furniss, are the children of Sleeter Bull, who is a nephew of Ella Miller, deceased, and on March 2, 1935, the date on which the will of Ella Miller was executed, resided in Urbana, Illinois.

The will of Ella Miller, in Item 5, provides as follows:

"Item 5. The balance of my estate both real and personal of every description be given to my sister, Agnes Frazier, of Sidney, Ohio, if she still be living, to do with and use as she

see best fit to do. And after her death what is left if any be given to my nephews children which are now living, of Urbana, Illinois, to share and share alike."

In the will of Agnes Frazier the substantial part of the estate is disposed of in Item 4, which is as follows:

"Item 4. I give, devise, and bequeath the remainder of my property, real and personal, of every kind and description wheresoever situate, which I may own or have the right to dispose of at the time of my decease, to my husband, Jesse L. Frazier, absolutely and in fee simple."

Under the will of Ella Miller, there passed to Agnes Frazier certain personal property and a piece of real estate. During her lifetime Agnes Frazier possessed all the personal property and occupied the real estate. At the time of the death of Agnes Frazier there remained in her possession certain personal property and said real estate.

The plaintiffs claim that under the will of Ella Miller a life estate, with power to consume, was given to Agnes Frazier, and the remainder, in fee simple, to the plaintiffs; that upon the death of Agnes Frazier they became the absolute owners in fee simple of all of said property, which was unconsumed. The defendant contends that Agnes Frazier took a fee simple estate in all said property under the will of Ella Miller, and that the attempted disposition of the property unconsumed by Agnes Frazier was void.

What estate vested in Agnes Frazier, under Item 5 of the will of Ella Miller? If she was vested with an estate in fee simple, upon her death such property passed under her will to the defendant, Jesse L. Frazier; if she was vested with a life estate, with power to consume, upon her death such property as remained unconsumed passed to the plaintiffs.

In a will construction suit the cardinal rule for the court to follow is to ascertain and give effect to the intention of the testator. The intention of the testator must be gathered from the four corners of the will. Rules of construction are to be followed only as they are found to be aids to a determination of that intention.

We recognize the rule that where a fee simple estate is clearly given and attempt to give a limitation over of the remainder is void. **Vol. 41 O. Jur., p. 742, Sec. 626.** However, the difficulty which the court experiences in all such cases is in determining whether a fee simple estate is given. It is conceded that the will of Ella Miller was drawn by a lay-

man, and not by a skilled draftsman. Thus, in arriving at the intention of the testatrix the court is required to give the words used their usual and ordinary meaning. In the use of the words "to my sister, Agnes Frazier, of Sidney, Ohio, if she still be living, to do with and use as she see best fit to do," did Ella Miller intend to pass a fee simple estate? If there were no other provisions in the will to be taken into consideration it may be construed to pass a fee simple estate. However, the words, "to do with and use as she see best fit to do," do not clearly and definitely show an intention to devise a fee simple estate. The fact that the testatrix used these words at all shows an intention to devise an estate less than a fee simple. If a fee simple estate were intended to be given no such words were required, for the reason that a fee simple estate carries with it the absolute power of disposal. Had these words been omitted the situation would have required the application of the rule that where an estate is devised to a person, generally, with no power of disposal expressed, but followed by devise to another person of what shall remain undisposed of at the death of the first taker, the first devisee takes a fee simple estate. While an unlimited power of disposal is an essential element of a fee simple estate, an unlimited power of sale is consistent with a grant of the life estate if the will as a whole is susceptible of such a construction. In order to ascertain the intention of the testatrix the two clauses granting an estate must be construed together. The remainder clause is as follows:

"And after her death what is left if any be given to my nephews children which are now living, of Urbana, Illinois, to share and share alike."

The language used in the second clause is as clear, plain and unequivocal as that in the first clause. Thus, this case does not fall in that catagory of cases which hold that where a fee simple estate is granted in one clause in plain and unequivocal language, such estate cannot be cut down by a subsequent clause of doubtful meaning. The plain and unequivocal language used in the remainder clause reflects the purpose of the testatrix as to the character of the estate which she intended to devise to Agnes Frazier. In ascertaining the intention of the testatrix we have a right to assume that if the testatrix had intended to devise a fee simple estate to Agnes Frazier she would not have provided for a disposition of the remainder; neither would there have been a necessity for the use of a qualifying clause. We are required to give

meaning and effect to both clauses, if possible. If the remainder clause is given that construction and effect which a reasonable interpretation and plain and unequivocal words require, the court must conclude that the testatrix did not intend to pass a fee simple estate to Agnes Frazier, but rather a life estate with power to consume.

The rule that a remainder limited upon an estate in fee simple is void is applied only where it clearly appears that the chief beneficiary is to get an absolute interest. **Vol. 41 O. Jur., p. 742, Sec. 626.** In the instant case it does not clearly appear that the testatrix intended to give an absolute estate in fee simple to Agnes Frazier. Consequently, the remainder clause does not fall because of repugnancy. We are required, in the instant case, to reconcile, if possible, the devise to Agnes Frazier with the devise of a remainder, and if the language is susceptible of a construction which will give effect to both provisions the will must be so construed. In **Vol. 41 O. Jur., p. 742, Sec. 626,** the rule is stated:

"Where it is possible to reconcile two grants by construing the first as a life estate only, this will be done. If the first provision of a will only prima facie imports an absolute estate, and the circumstances warrant the conclusion that the testator did not intend to give to the first devisee an absolute estate in fee simple, then the intention of the testator, as ascertained from the whole will, fairly construed in the light of all its provisions and the surrounding circumstances, should be carried out."

Only a few cases require our consideration. The plaintiffs rely chiefly on the case of **Krumm, Exr. v Cuneo, 71 Oh Ap 521** (opinion by Judge Barnes, 2d District) to support their contention. The syllabus of that case is as follows:

"Where, under one item of a will, all of testator's personalty is bequeathed to a named person, followed by disposition to other named persons of any unconsumed or undisposed of portion remaining at the death of the first-named legatee, such legatee takes an absolute estate; the attempted disposition of any undisposed of portion, being repugnant to the original bequest, is void."

The opinion in that case is exceedingly well written and reviews all the important cases in Ohio bearing on this question, and cites the case of Steuer v Steuer, 8 O. C. C. (N. S.) 71,

which divides wills of this character into four classes. On page 526 the court sets forth four examples, the third and fourth being as follows:

"Under example 3, where there is a devise to A generally, but with qualified power of disposal and with a devise to B of what shall remain undisposed of at A's death, A takes a life estate and the remainder over is good.

Under example 4 there is a devise to A generally, with no power of disposal expressed or with an absolute power but followed by a devise to B of what shall remain undisposed of at A's death. A takes an estate in fee simple and the attempt-ed limitation over is impossible and void."

In that case the will under construction contained this provision:

"I give and bequeath to my wife, Caroline Peirano, all my personal property of every kind and description, wheresoever situate, but in case she should die and leave any part of the personal property unconsumed, or undisposed of, then in that event, the part so remaining shall be divided equally between my nephews," etc.

It is noted that this provision which was construed to give a fee simple estate to the first devisee, differs from the provision of the will under construction in the instant case, in that the devise to Agnes Frazier is followed by a qualifying clause.

In **Baxter v Bowyer, et al, 19 Oh St 490**, where the testator devised all his property to his wife, and expressly provided that—

"she shall have unlimited power in the possession of all property, real and personal, thus bequeathed to her; to sell at public or private sale, on such terms as she may think best, or use in any manner as she may deem proper, any or all of the property, real or personal; and deeds to purchasers to execute, acknowledge, and deliver in fee-simple."

and in a subsequent clause provided that at the death of his wife after funeral expenses were paid "all the property then remaining" be devised to the Presbytery of Cincinnati, the court held that the wife took only a life estate, and life support, with power of sale. In its opinion the court uses language which may be applied with much force in the instant case. On page 498 the court say:

"These last two items constitute a very important part of

the will, and are not to be rejected if they can at all be reconciled with the provisions in the first item. * * * The provisions as to the 'possession' and 'use' of the property add nothing to the word property, and certainly do not import an absolute estate. Indeed, their introduction at all, after the clause devising the 'property,' would seem to negative the idea that the testator supposed he had already vested the property absolutely in his wife. If he supposed he had already made her the absolute owner, why make any provision as to her manner of using or possessing it."

On page 499 the court say:

"The only thing, therefore, in the first item, which is actually, or even apparently, repugnant to the limitation over, is this word 'property.' The testator gives to his wife all his 'property.' If he had added the words 'for life' after the word property, all parts of the will would harmonize, and nothing need be rejected."

In **Johnson, et al, v Johnson, 51 Oh St 446,** where the testator devised to his wife the remainder of his property "with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters," etc., the court held that the widow took only a life estate in the property with power to dispose of the same as she may think proper for consumption in her life support, and that what remained at the time of her death, unconsumed, passed to the remaindermen. We quote from the court's opinion, on page 458, as follows:

"The fact that after using words which in themselves would give a fee, full power to bargain, sell, convey, exchange or dispose of the estate as she may think proper is expressly given to her by the testator, at once creates a slight inference that something less than a fee was intended; because a fee of its own force carries with it, and confers upon her the power, without express words from him to that effect, to bargain, sell, exchange, or dispose of the property as she may think proper.

"While the express addition of these powers to words giving a fee, would not have the effect in themselves to destroy the fee, yet when these express powers are taken in connection

with what follows the part of the will above quoted, the intention of the testator to give to his wife only a life estate in his property becomes clear and manifest."

In **Tax Commission v Oswald, 109 Oh St 36,** where the testator bequeathed to his wife "whatever property I am possessed at my decease, both personal and real. She to have full power to sell, deed and transfer any or all of it, as she may deem best to better her condition," and in a later item provided that "after the death of my wife whatever property remains of my estate I will and bequeath as follows," the court held that the widow took a life estate in the property, coupled with the power to sell any or all of it "as she may deem best to better her condition," and that the gift over of what remained unconsumed was a vested remainder, subject to be divested by the exercise of the power. While the qualifying clause, "as she may deem best to better her condition," more clearly shows the intention of the testator than does the qualifying clause in the will under construction; nevertheless, in the court's opinion, language is used which assists this court in determining the issue in the case at bar. On page 48, the court say:

"Now, it is rudimentary in the construction of wills that the intention of the testator is to be ascertained, and the whole will given force and effect, if such a construction can be reached consistent with the application of legal principles, and that, **when an instrument is open to two constructions, one of which will give effect to the whole instrument and the other will destroy a part of it, the former must always be adopted."** (Emphasis ours.)

On page 49 the court say:

". . . conflicting provisions of a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where such provisions are wholly and absolutely repugnant that either should be rejected. **And where, by one clause in a will property is devised or bequeathed, by words prima facie importing an absolute estate, and by subsequent clause is given in remainder to another person, the first devisee or legatee takes only a life estate, and the limitation over is valid."** (Emphasis ours.)

Again, on page 51, in distinguishing between the power granted and the estate devised, the court say:

"A power is not property, but a mere authority, and an **absolute power of disposal is not inconsistent with an estate for life only.** The gift of such power will not enlarge the life estate previously given, but confers an authority in addition thereto. **One may have a life estate and yet be empowered to convey an estate in fee simple.**" (Emphasis ours.)

The court, in that opinion on pages 43 and 44, sets forth the provisions of the wills in cases which have been affirmed by the Supreme Court without opinion on the authority of Johnson v Johnson, supra. In those cases the first devise, and the clause granting power to the first devisee are all broader in scope than the provisions of the will under construction.

An examination of the authorities is cogent proof of the truth of the oft-repeated statement that there are no precedents to follow in a will construction suit. However, in the instant case, in ascertaining the intent of the testatrix, we have applied the principles of law and rules of construction found in the authorities cited.

It is evident that the testatrix desired to keep her property descending in the Miller line. This general intent is manifest if the words used are given their usual and ordinary meaning. The language in the first devise only prima facie imports an intention to grant a fee to Agnes Frazier; upon giving effect to the devise of the remainder, it becomes reasonably clear that it was the intention of the testatrix to give to Agnes Frazier a life estate, with power to consume for her benefit, and the remainder, in fee simple, to the plaintiffs; that upon the death of Agnes Frazier, the plaintiffs became the absolute owners, in fee simple, of all of said property which was unconsumed. By such a construction all the provisions of the will harmonize and are given effect. It is so decreed.

MILLER and HORNBECK, JJ, concur.