ESTATE OF HARRIET C. EVILSIZOR, HOMER H. EVILSIZOR, EXECUTOR OF THE ESTATE OF HARRIET C. EVILSIZOR, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53856.   Filed January 24, 1957.

*Fred M. Cole, Esq.*, for the petitioner.
*John C. Calhoun, Esq.*, for the respondent.

#### OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in estate tax in the amount of $4,366.34.   The only question for decision is whether decedent's disposition of certain real estate by will qualifies for the marital deduction provided by section 812 (e), Internal Revenue Code of 1939.

All of the facts have been stipulated and are found accordingly. In pertinent part they are as follows:

Harriet C. Evilsizor (sometimes hereinafter referred to as the decedent) died a resident of Springfield, Clark County, Ohio, on September 9, 1951, leaving a last will and testament which was admitted to probate in the Probate Court of Clark County, Ohio, September 24, 1951.   Homer H. Evilsizor was named executor in the will of Harriet C. Evilsizor and on September 24, 1951, he was duly appointed and qualified as the executor of the Estate of Harriet C. Evilsizor in the Probate Court of Clark County, Ohio.

Homer was the husband of Harriet, and the decedent was also survived by two children, Jack E. Evilsizor and Darlene Evilsizor.

Homer elected to take under the terms of the will, the pertinent parts of which were as follows:

Item 3.   I give to my husband, Homer Harry Evilsizor, all of my real estate, wheresoever situated, for and during his natural life, and upon his death I give and devise the same to my children, Jack Eldon Evilsizor and Darlene G. Evilsizor, in equal shares, absolutely and in fee simple.   However, in case my husband shall deem it to his best interests he is authorized to sell, deed and transfer any or all of my real property.

A Federal estate tax return was filed by petitioner with the then collector of internal revenue for the first district of Ohio on August 6, 1952, and it was claimed therein that all real estate referred to in Item 3 of the will of Harriet C. Evilsizor qualified for the marital deduction.

The State of Ohio levied an inheritance tax against Homer H. Evilsizor and levied no inheritance tax against Jack E. Evilsizor and Darlene Evilsizor. The levy was based on an inheritance tax return filed and was consented to by Homer H. Evilsizor. There was no litigation concerning the levy.

The question presented is whether real estate devised to a surviving husband for and during his natural life and upon his death, in equal shares "absolutely and in fee simple" to the children, with authority, however, in the husband if he "shall deem it to his best interests," "to sell, deed and transfer any or all of" the real estate, qualifies for the marital deduction, or does the husband merely acquire a "life estate or other terminable interest" within the exception provided in section 812 (e) (1) (B),[1] Internal Revenue Code of 1939.

Petitioner contends that the husband took a fee simple title in the real estate, or, failing that, that the will vested in the husband a sufficient interest in the real estate to make him the effective owner and to qualify for the marital deduction.

The Commissioner contends that the husband received only a life estate in the real estate and that the children took vested estates in fee simple in the remainder.

We agree with the Commissioner. No cases need be cited for the proposition that the intention of the testator is paramount in construing a will. If we look here to the first sentence of Item 3 we find that the husband was given the real estate "for and during his natural life" and that upon his death the children were given the

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) [as added by section 361 (a) of the Revenue Act of 1948, effective, as provided in section 361 (b) of that Act, only with respect to estates of decedents dying after December 31, 1947] BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

\* \* \* \* \* \* \*

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii))—

(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

remainder "in fee simple." Without more, this would give the husband only a life estate. Does the later addition of the limited authority "to sell, deed and transfer any or all" of the property if he should "deem it to his best interests" add to the husband's title in any respect that would be significant here? We think not. So far as the law of Ohio bears on the point the case of *Tax Commission* v. *Oswald*, 109 Ohio St. 36, 141 N. E. 678, is controlling. There a husband bequeathed whatever property he possessed at death to his wife, "[s]he to have full power to sell, deed and transfer any or all of it, as she may deem best to better her condition." After her death whatever property remained was willed to others. The Ohio Supreme Court held that the wife took a life estate, coupled with a power to sell, etc., and that the gift over of anything that remained unconsumed "amounts to a vested remainder in the whole of the property, subject to be divested * * * by the exercise of the power." The general rule is that a life estate is not enlarged to an estate in fee simple by reason of the addition of a power of disposal in the life tenant, *Estate of Harrison P. Shedd*, 23 T. C. 41, affd. 237 F. 2d 345 (C. A. 9), and the *Oswald* case, which contains a full discussion of the Ohio cases, falls in line with the general rule.

Thus the remainder in fee to the children here is not void. Under the decision in *Tax Commission* v. *Oswald, supra*, it is a vested estate, and it would seem obvious that an interest in the real estate "has passed * * * from the decedent to [a] person other than such surviving spouse" and that "by reason of such passing" the children "may possess or enjoy" the property. Accordingly, the devise of the real estate comes within the provisions of section 812 (e) (1) (B) (i) and (ii). See *Estate of Harrison P. Shedd, supra*, and *Estate of Edward F. Pipe*, 23 T. C. 99, affd. 241 F. 2d 210 (C. A. 2).

Petitioner cites *Davis* v. *Corwine*, 25 Ohio St. 668; *McRoberts* v. *Barnard*, 18 Ohio C. C. N. S. 225, affirmed without opinion 81 Ohio St. 560; and *Lepley* v. *Smith*, 13 Ohio C. C. 189, to show that the husband here took a fee simple title. In none of those cases, however, was there a devise for life with a remainder over in fee and they are not pertinent in the present case.

The fact that the State of Ohio levied an inheritance tax against the husband here in an uncontested proceeding but levied none against the children is not material. See *Estate of Arthur Sweet*, 24 T. C. 488.

Petitioner makes no contention that the devise here involved would come within the provisions of section 812 (e) (1) (F).

We hold that the Commissioner's determination denying the marital deduction was proper.

*Decision will be entered for the respondent.*