ESTATE OF WALLACE S. HOWELL, DECEASED, SELENA ELLEN HOWELL, ADMINISTRATRIX WITH WILL ANNEXED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63223.  Filed September 24, 1957.

*George E. Nicholas, Esq.*, for the petitioner.
*Mark H. Berliant, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency in the estate tax of the petitioner in the amount of $3,573.68. The only issue in this proceeding is whether the Commissioner correctly determined that the interest passing to the surviving spouse under the will of the decedent was a terminable interest within the purview of section 812 (e) (1) (B) of the Internal Revenue Code of 1939 and, therefore, not allowable as part of the marital deduction.

The facts have been presented in a stipulation and are found as stipulated.

The decedent, Wallace S. Howell, domiciled in and a resident of Ohio, died testate on October 17, 1952. He was survived by his wife, Selena Ellen Howell, and a son, Robert E. Howell. The

estate tax return was filed on November 25, 1953, with the district director of internal revenue, Cincinnati. A marital deduction of $51,161.64 was claimed in the return, representing one-half of the reported adjusted gross estate.

The Commissioner increased the adjusted gross estate to $103,-187.13, and allowed a marital deduction of $10,000 in lieu of that claimed. The amount of $10,000 consists of items not claimed on the return.

The probated will of the decedent provided:

In case of death by accident or natural causes, I of my own free will and accord, bequeath all my earthly possessions to my wife Selena Ellen Howell to be used as she pleases, for her own support, the residue after her life, to go to R. E. Howell, or in case of his death before said time, to then go to Robert J. Wallace Howell his son to be placed in Trust to be used for his needs, unless he should have attained the age of 21 years in the interim.

The petitioner contends that since the surviving spouse has a right to invade principal she is not limited to a life estate in the property and since the widow may consume the remaining property no remainder has been created in any other person. The petitioner is, in effect, contending that the requirements of paragraphs (B) (i) and (ii) of section 812 (e) (1)[1] for a terminable interest are not present.

Although State law determines the nature of the interest passing under the will (Regs. 105, sec. 81.47 (b); *Estate of Theodore Geddings Tarver*, 26 T. C. 490, 504, 505; *Estate of Julius Selling*, 24 T. C. 191, on appeal C. A. 2, 1955), that law does not aid this petitioner. The Ohio courts have consistently held, in construing wills containing similar language, that life estates with remainders over have been created. The will provided in the leading case of *Tax Commission v. Oswald*, 109 Ohio St. 36, 141 N. E. 678:

First. I will and bequeath to my wife * * * whatever property I am possessed at my decease * * *. She to have full power to sell, deed and transfer, any or all of it, as she may deem best to better her condition.

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) [as added by section 361 (a) of the Revenue Act of 1948, effective, as provided in section 361 (b) of that Act, only with respect to estates of decedents dying after December 31, 1947] BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

\* \* \* \* \* \* \*

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

There was language providing for a remainder to third persons upon her death. It was held that the wife took a life estate, with the gift over amounting to a "vested remainder, subject to be divested by the exercise of the power." The court held in *Johnson* v. *Johnson*, 51 Ohio St. 446, 38 N. E. 61, 64, that the widow received a life estate even though "she could use and enjoy the estate to its fullest extent for her support, and consume the whole of it, if necessary." The will contained language very similar to that now in issue. It was held in *DeWolf* v. *Frazier*, 80 Ohio App. 150, 73 N. E. 2d 212, that only a life estate with a power to consume had been created, where the life tenant was also given a power to deal with the property without limitation except "as she see best fit to do."

The petitioner has cited no Ohio cases to the contrary and we have found none. It would appear that under the Ohio rules of construction the language in the will in controversy would be held to have created a life estate in the widow coupled with a power to consume, with a vested remainder in the son.

This Court held in *Estate of Harriet C. Evilsizor*, 27 T. C. 710, that the interest of the surviving spouse was terminable, and the *Oswald* case was controlling insofar as Ohio law was applicable. The surviving spouse here is limited to a power to consume for support, perhaps more limited than the power of disposal given to the surviving spouse in the *Evilsizor* case. The principles set forth in the *Evilsizor* case control the disposition of the present question. See also *Estate of Julius Selling*, *supra*; *Estate of Edward F. Pipe* v. *Commissioner*, 241 F. 2d 210, affirming 23 T. C. 99, certiorari applied for May 27, 1957; *Estate of Harrison P. Shedd*, 23 T. C. 41, affd. 237 F. 2d 345, certiorari denied 352 U. S. 1024; *Estate of Michael Melamid*, 22 T. C. 966.

The petitioner emphasizes not only that the surviving spouse may deplete the entire property, but that due to economic circumstances which have developed, it is likely that there will be no residue for the son to enjoy. However, the situation as of the time of the decedent's death controls the determination of whether the conditions of (i) and (ii) of the statutes are satisfied, with one exception not relevant here. *Estate of Harrison P. Shedd*, *supra*, at 350; S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), Part 2, p. 10. Further, the words in (ii), "may possess or enjoy," were "intended to be broadly construed." S. Rept. No. 1013, Part 2, *supra*, p. 8, and example (2) of the report indicates that if there is "any possibility" that such person may possess or enjoy the property interest, the conditions of (ii) have been satisfied. Such a possibility existed here at the time of the decedent's death, and that is sufficient to dispose of the petitioner's contention.

The petitioner would belittle the authority of some of the cited

cases because therein the estate to the wife was called a life estate. The test is not what the estate to the wife was called. It is enough if it "may" be terminated so that the property would go to another.

It is immaterial that the State of Ohio, in uncontested proceedings, imposed the inheritance tax solely against the surviving spouse and not against the remainderman. *Estate of Harriet C. Evilsizor, supra,* at 713; *Estate of Arthur Sweet,* 24 T. C. 488. It is irrelevant that if the spouse had elected to take her statutory share in lieu of the devise under the will such interest would not have been "terminable." S. Rept. No. 1013, Part 2, *supra,* 1948–1 C. B. 285, 338, 339; *Estate of Hyman Kleinman,* 25 T. C. 1245, affd. 245 F. 2d 235. The petitioner has stressed the purpose of the marital deduction, but since it is found that the interest of the surviving spouse is terminable, such argument is not convincing. *Estate of Edward F. Pipe,* 23 T. C. 99, 104, already cited. The petitioner has also contended that the devise comes within the exceptions to the terminable interest rule, perhaps meaning the exception provided in section 812 (e) (1) (F). Such contention is without merit since the surviving spouse received a legal estate rather than one in trust.

We have carefully considered the cases relied upon by the petitioner and find that they are either irrelevant or do not adequately support its contentions. The Commissioner properly disallowed the marital deduction claimed because the interest passing to the surviving spouse under the will was terminable within the meaning of section 812 (e) (1) (B).

*Decision will be entered for the respondent.*