KNICKEL, WILL, In re.

Probate Court, Marion County.

No. 23635.   Decided November 24, 1961.

*Messrs. Wiedemann & Wiedemann,* for the Administrator WWA.

*Mr. Lewis F. Byers,* for the Ohio Masonic Home.

Ruzzo, J. This matter is before the Court upon a petition to construe the will of Irvin C. Knickel, deceased. The clause in question reads as follows:

"My land in Texas I give to Spray and Glee McWilliams. The balance of my estate, including the farm, I give to Blanche Willits. After she is through with the farm it is to go to the Masonic Home at Springfield."

During his lifetime the testator had sold his land in Texas, but had reserved the mineral rights thereunder. Thus, two questions arise:

1. How does the ademption of the realty affect the mineral rights?

2. What estate does Blanche Willits take in the farm?

Section 2107.36, Revised Code, provides:

"An act of a testator which alters but does not wholly divest such testator's interest in property previously devised or bequeathed by him does not revoke the devise or bequest of such property, but such devise or bequest shall pass to the devisee or legatee the actual interest of the testator, which would

otherwise descend to his heirs or pass to his next of kin; unless, in the instrument by which such alteration is made, the intention is declared that, it shall operate as a revocation of such previous devise or bequest.

"If the instrument by which such alteration is made is wholly inconsistent with the previous devise or bequest, such instrument will operate as a revocation thereof, unless such instrument depends on a condition or contingency, and such condition is not performed or such contingency does not happen."

If the testator conveys less than his entire interest in realty, such conveyance does not adeem the device. The will attaches to any portion undisposed of by the deed "pro tanto." *Brush v. Brush*, 11 Ohio, 287; Page on Wills, 3rd Ed., Vol. 4, Sec. 1529, p. 385.

It is elementary that the nature of an interest in land is determined by the law of the situs, but questions of interpretation and construction of wills are generally controlled by the law of the testator's domicile. Hence, since the law of Texas provides that mineral rights are an interest in realty, which may be severed from the remainder of the land by an exception or reservation in a deed, *Stevens County* v. *Mid-Kansas Oil & Gas Co.*, 254 S. W., 290, 29 A. L. R., 566; *Humphreys-Mexia Co.* v. *Gannon*, 254 S. W., 296, 29 A. L. R., 607, this Court will apply the law of Ohio, as set forth in Section 2107.36, Revised Code, supra, to hold that the testator had conveyed less than his entire interest in his Texas land and, therefore, the remaining mineral rights pass to the heirs of Spray and Glee McWilliams.

The second question is also resolved by statute. Section 2131.07, Revised Code, provides as follows:

"An estate in fee simple may be made defeasible upon the death of the holder thereof without having conveyed or devised the same, and the limitation over upon such event shall be a valid future interest. For the purpose of involuntary alienation, such a defeasible fee is a fee simple absolute."

The brief filed in behalf of Blanche Willits, in arguing that she takes a fee simple estate cites in support of her position the case of *In re Will of Shira*, 82 Ohio Law Abs., 307, decided by this Court November 6, 1959. In this case the testator had given his wife "all of my property, real, personal and mixed—

and with which she shall have absolutely to do with as she so desires - - -. Upon the death of my wife - - - the residue of my estate, real, personal and mixed shall be converted into cash and the cash disposed of as follows - - -." The proceeds of certain life insurance, payable to the testator's personal representative, remained undisposed of upon the death of his surviving spouse. This Court held the attempted gift over void as repugnant to the absolute, fee simple estate granted the first taker.

The *Shira case* involved personal property and the statute is restricted, by implication, to realty since the legislature chose to use only the word "devised" and did not include "bequeathed." Moreover, *Sweigert* v. *Sweigert*, 55 Ohio Law Abs., 442 (Ohio App., 1949), holds that even the realty must be specifically identified to fall within the purview of the statute.

In the case at bar the testator gave the first taker no power to convey, there is no repugnancy and the realty, is specifically identified. Therefore, the statute applies.

Moreover, independent of the statute, it is fundamental that in the construction of wills the intention of the testator is the paramount consideration, the "polar star." The language used here, "after she is through with the farm," indicates an intent to give her full use of the farm during her lifetime, including rents, profits and income therefrom, but the use of the adverb "after" establishes an intent to limit the duration of her estate. See 410 Jur. "Wills," Sec. 655, p. 783; 20 Ohio Jurisprudence (2d), "Estates," Sec. 69, p. 301. While it is true that a remainder cannot be engrafted upon a fee, the will here in question does not give a fee to the first taker. "The rule that a remainder limited upon an estate in fee simple is void is applied only where it clearly appears that the chief beneficiary is to get an absolute interest." *DeWolf* v. *Frazier*, 80 Ohio App., 150; 35 Ohio Opinions, 485, par. 6 of syllabus. It is apparent from the language used in the case at bar that the first gift was not intended to be absolute, but was for life only. "This is clearly the intention of the testator, when effect is given to the whole will, and the intention should always govern. Unless the will conflicts with some provision of law, all other rules of construction must yield to the rule that the intention

of the testator, as gathered from the whole will, must control." *Johnson* v. *Johnson*, 51 Ohio St., 446 at p. 459.

In addition to the citations herein given, further authority and discussion on the general subject matter of executory limitations will be found in 17 A. L. R. (2d), 7; *Baxter* v. *Bowyer*, 19 Ohio St., 490; *MinYoung* v. *MinYoung*, 47 Ohio St., 501; *Enyart* v. *Keever*, 52 Ohio St., 631; *Tax Commission* v. *Oswald*, 109 Ohio St., 36; *Fisher* v. *Steely*, 11 Ohio Opinions, 294. For a case most nearly in point on the facts to the one at bar see *Schneider* v. *Kloepple*, 270 Mo., 389.

Blanche Willits further contends that the limitation over is void by reason of uncertainty. This objection has been upheld where the gift over involves personalty, but does not apply to realty. See 17 A. L. R. (2d), 7 at pp. 19 and 20.

Blanche Willits takes a life estate with the vested remainder in fee to the Ohio Masonic Home. An entry may be drawn accordingly by counsel for the fiduciary.