Routzong, Exrx., Appellee, *v.* Minsterman et al., Appellants.

(No. 706—Decided November 14, 1952.)

*Messrs. Spidel, Staley & Hole,* for appellee.
*Messrs. Goubeaux & Goubeaux,* for appellants.

Wiseman, J. This is an appeal on questions of law from a judgment of the Probate Court of Darke County, in an action construing the will of Margaret D. Townsend, deceased.

Margaret D. Townsend died testate on February 2, 1945. Her last will and testament and several codicils were admitted to probate by the Probate Court of

Darke County. In item two of her will, she devised certain property to her niece, Elsie Black, who died testate on March 26, 1952. In her will, Elsie Black left the residue of her estate to The First Church of Christ Scientist of Greenville, Ohio, the appellant herein. At the time of her death, Elsie Black possessed certain property which came to her under the will of Margaret D. Townsend. The question for the court to determine is whether this property passed under the will of Elsie Black to The First Church of Christ Scientist, or whether, upon the death of Elsie Black, such property passed in remainder to the devisees mentioned in item two of the will of Margaret D. Townsend.

The trial court found that by the terms of the will of Margaret D. Townsend, Elsie Black took only a life estate with the right to use and consume, and that the property which remained at her death, to wit, the real estate; a $500 United States G Bond; one share of stock in City Service Corporation; and four shares of preferred stock in the American Aggregates Corporation, all issued in the name of Elsie Black, passed to the devisees mentioned in item two of the will of Margaret D. Townsend.

The appellant The First Church of Christ Scientist assigns as error that the judgment is contrary to law. The contention of the appellant is that under the provisions of the will of Margaret D. Townsend, Elsie Black took a fee simple title in the property and that, as a consequence, such property passes to the church under the provisions of her will.

The determination of this question requires the court to construe item two of the will of Margaret D. Townsend, which reads as follows:

"Item two. After payment of debts and cost of administration, the remainder of my property whatever kind or character, I hereby will, devise and bequeath

to my niece, Elsie Black, for her use in any manner she may deem proper without any limit or restriction whatever, with full power and authority to sell or to exchange, and to reinvest any of my property as she deems best without any order of any court. It is, however, my wish and will that she preserve as far as she conveniently can the identity of the property she receives from me, and if any remains unusued at her death it is my will that four hundred dollars be paid to St. Paul's Reformed Church of Greenville, Ohio, and that one hundred dollars be paid to the Women's Missionary Society of said church.

"Of the remainder of my property, I will and devise one sixth thereof to Edith Dininger only child and daughter of my brother, Isaac Dininger, deceased, and five sixth thereof to my sister, Catharine Fitzgerald who has five children."

The question for the court to determine is whether Elsie Black took a fee simple estate or a lesser estate. In a will construction suit the cardinal rule for the court to follow is to ascertain and give effect to the intention of the testator. The intention of the testator must be gathered from the four corners of the will. In the instant case, what was the intention of the testatrix? If we are to give consideration only to the first part of item two, we would be inclined to hold that Elsie Black took an estate in fee simple. But we cannot ignore other provisions in the will which indicate the true intention of the testatrix relative to the estate devised. We must give effect to all the provisions of the will, if such provisions are reconcilable.

We recognize the rule that where a fee simple estate is clearly given an attempt to give an estate over of the remainder is void. 41 Ohio Jurisprudence, 742, Section 626. The rule is easily understood; the difficulty lies in its application. Rules of construction are to be followed only as they are found to oe aids to a deter-

mination of the intention. We are required to consider and give effect to the provision wherein the property is given to Elsie Black "for her use in any manner she may deem proper without any limit or restriction whatever, with full power and authority to sell or to exchange, and to reinvest any of my property as she deems best without any order of any court." The contention of the appellant is that these words give to Elsie Black absolute power of disposition and, therefore, create a fee simple estate in Elsie Black. On the other hand, the appellee contends that the words, "for her use," are words of limitation and create an estate less than a fee simple estate.

The fact that the testatrix gives full power and authority to sell or exchange the property does not necessarily create a fee simple estate. An unlimited power of sale is consistent with a grant of a life estate if the will as a whole is susceptible of such a construction. The words, "It is, however, my wish and will that she preserve as far as she conveniently can the identity of the property she receives from me," indicate an intention to give only a life interest, rather than a fee. It is clear that the testatrix intended to and did provide for the disposition of any property which would remain unconsumed and unused at the death of Elsie Black. If it was the intention of the testatrix to devise a fee simple estate, then all the other provisions herein considered and enumerated would be given no effect. In our opinion, the fact that the testatrix devised the property to Elsie Black "for her use" and with power of sale, and provided the right to reinvest any of the proceeds of the sale without an order of court, and the further fact that the testatrix desired to preserve the identity of the property for the remaindermen, discloses an intention on the part of the testatrix to give to Elsie Black an estate

for life with power to consume, and the remainder, if any, to other named devisees and legatees.

While we are satisfied that the judgment of the trial court was in every respect correct, we cannot help but observe that the question presented is a close one, and since precedents are of little value in will construction suits, we discuss briefly only a few of the Ohio cases touching this question.

In *Baxter* v. *Bowyer, Admr.,* 19 Ohio St., 490, the will provided:

"I give and devise all my property to my beloved wife, Deborah Baxter, both real and personal, of every description, with full power to collect, by law or otherwise, all debts due me, and to adjust and pay all expenses resulting from my last sickness and demise, and all other just claims whatsoever. I also expressly desire that she shall have unlimited power in the possession of all property, real and personal, thus bequeathed to her; to sell, at public or private sale, on such terms as she may think best, or use in any manner as she may deem proper, any or all of the property, real or personal; and deeds to purchasers to execute, acknowledge, and deliver in fee-simple."

In the second item of such will the testator provided that at the death of his wife, $200 should be paid to a cemetery, and in the third item provided:

"I do hereby devise and bequeath, at the death of my beloved wife, after all expenses resulting from her last sickness and demise, and expenses of tombstones and item second shall have been adjusted, all the property then remaining to the presbytery of Cincinnati."

The court held that under this will the wife took only a life estate and life support, with power of sale for the benefit of the estate, and that the remainder went to the parties specified in the last two items.

The first and second paragraphs of the syllabus are as follows:

"Conflicting provisions in a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where such provisions are wholly and absolutely repugnant that either of them should be rejected.

"Where, by one clause in a will, property is devised or bequeathed, by words prima facie importing an absolute estate, and by a subsequent clause is given in remainder to another person, the first devisee or legatee takes only a life estate, and the limitation over is valid."

In some respects the provisions in the will under construction indicate more clearly the intention to create a life estate than did the provisions of the will in the *Baxter case.*

In *Johnson* v. *Johnson,* 51 Ohio St., 446, 38 N. E., 61, the first paragraph of the syllabus is as follows:

"A testator, after providing for the payment of his debts, used the following language in his will: 'Second—I give and devise unto my beloved wife, and her assigns, all of the remainder of my property, both real and personal, however the same may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters, and their children, if deceased, the children to have the same amount the parent would be entitled to if living.' *Held:* That under this will the widow took only a life estate in the property, both real and personal, with power to bargain, sell, convey, exchange or dispose of the same as she might think proper for consumption in her life support, and that what remained at the time of her death,

unconsumed in supporting her, belongs to the remaindermen designated in the will.''

The court in its opinion used language which has particular application to the question presented in the instant case. On page 457, after quoting the first part of the provision of the will there under construction, the court said:

"That this part of the will standing alone, would give to the widow a fee simple, cannot be doubted; and if what follows could be fairly construed as merely superadded words attempting to impose a limitation upon the fee thus devised, such limitation would, of course, be void, and the fee would remain.''

On page 458, the court discussed the effect of the provision in the will giving power of sale, and said:

"The fact that after using words which in themselves would give a fee, full power to bargain, sell, convey, exchange or dispose of the estate as she may think proper is expressly given to her by the testator, at once creates a slight inference that something less than a fee was intended; because a fee of its own force carries with it, and confers upon her the power, without express words from him to that effect, to bargain, sell, exchange, or dispose of the property as she may think proper.''

The court then discussed the effect of the provision of the power of sale taken in conjunction with other provisions of the will as reflecting upon the intention of the testator, and on page 458 stated:

"While the express addition of these powers to words giving a fee, would not have the effect in themselves to destroy the fee, yet when these express powers are taken in connection with what follows the part of the will above quoted, the intention of the testator to give to his wife only a life estate in his property becomes clear and manifest. After the quotation above given, the will proceeds as follows: 'But, if, at the

time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters and their children,' etc.

"The plain intention of the testator as shown by the whole will, is, that the property is given to the widow to be by her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange, or dispose of the same as she may think proper, limited, however, in the exercise of such power, to the purpose for which the property is given to her, that is for her consumption."

The court cites with approval and follows the case of *Baxter* v. *Bowyer, supra.*

In *Tax Commission* v. *Oswald, Exrx.,* 109 Ohio St., 36, 141 N. E., 678, the first paragraph of the syllabus is as follows:

"The testator used the following language in his will: 'First. I will and bequeath to my wife, Jennie V. Oswald, whatever property I am possessed at my decease, both personal and real. She to have full power to sell, deed and transfer, any or all of it, as she may deem best to better her conditions.

" 'Second. After the death of my wife whatever property remains of my estate I will and bequeath as follows: One-half (½) to J. W. Oswald or his issue; one-half (½) to J. M. Oswald or his issue.

" 'Third. At the time of this distribution, should either of my brothers above be deceased, without leaving issue—then such share shall go to the brother remaining or his issue.'

"*Held,* that the wife, Jennie V. Oswald, took a life estate in the property, both personal and real, coupled with power to sell, deed and transfer any or all of it 'as she may deem best to better her condition,' and that the gift over of what may remain unconsumed amounts to a vested remainder in the whole

of the property, subject to be divested in part from time to time, or in whole by the exercise of the power. (*Johnson* v. *Johnson,* 51 Ohio St., 446, 38 N. E., 61, approved and followed.)''

The court, on page 49, cited the case of *Robbins* v. *Smith, Jr., Admr.,* 72 Ohio St., 1, 73 N. E., 1051, and quoted from page 16 as follows:

'' 'The real question at the bottom of the inquiry, so far as the claim of repugnancy is concerned, is akin to that presented in *Baxter* v. *Bowyer,* 19 Ohio St., 490, and in *Johnson* v. *Johnson,* 51 Ohio St., 446. Those cases establish the rule that conflicting provisions of a will should be reconciled so as to conform to the manifest general intent, and it is only in cases where such provisions are wholly and absolutely repugnant that either should be rejected. And where, by one clause in a will, property is devised or bequeathed, by words prima facie importing an absolute estate, and by subsequent clause is given in remainder to another person, the first devisee or legatee takes only a life estate, and the limitation over is valid.' ''

In the case at bar, we find no repugnancy between the provisions of the will of the testatrix wherein she devises an etsate to Elsie Black, and the provision made for the remaindermen. All the provisions of the will can be reconciled on the theory that it was the intention of the testatrix to give Elsie Black a life estate with the power to consume.

In the case of *DeWolf* v. *Frazier,* 80 Ohio App., 150, 73 N. E. (2d), 212, a similar question was presented. In that opinion the court reviewed a number of cases including the cases discussed in this opinion. On page 153, the court, in discussing the effect of the qualifying clause in the will, held:

''If there were no other provisions in the will to be taken into consideration it may be construed to pass a fee simple estate. However, the words 'to do with

and use as she see best fit to do,' do not clearly and definitely show an intention to devise a fee simple estate. The fact that the testatrix used those words at all shows an intention to devise an estate less than a fee simple."

Again, on page 154, the court said:

"In ascertaining the intention of the testatrix we have a right to assume that if the testatrix had intended to devise a fee simple estate to Agnes Frazier she would not have provided for a disposition of the remainder; neither would there have been a necessity for the use of a qualifying clause. We are required to give meaning and effect to both clauses, if possible."

The repugnacy which was found to exist in the will under construction in the case of *Krumm, Exr.,* v. *Cuneo,* 71 Ohio App., 521, 47 N. E. (2d), 1003, does not exist in the will under construction in the instant case.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.