### VESELICH, In Re.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6766. Decided Oct. 4, 1926

557. FRAUD—Where petition to vacate upon ground of fraud is filed five years after judgment is rendered, same is barred by 11631 GC., which provides such action shall be brought in two years.

636. JUVENILE COURT—The conservation of the childs welfare is the paramount duty of the Juvenile Court and where service on reputed parents was by publication, it is sufficient although there was no affidavit filed that citations could not be served on them.

**First Publication of this Opinion**

SULLIVAN, J.

This cause comes into court on error from the Cleveland Juvenile Court, and it is sought to reverse the judgment of that court in refusing to grant a petition to vacate a judgment entered therein in June, 1921, holding that Harold Veselich was then and there a dependent child.

There are two grounds upon which the petition to vacate the judgment is based, to wit, fraud and lack of service upon the parent or parents of the minor.

The facts are that the mother of the child lived in adultery with the reputed father and later returned to her husband. The reput father thereafter applied to an orphans home, saying he was the reputed father and that the mother had absconded.

Thereafter the court gave custody of the child to worthy people and it is conceded that its custody is conducive to the child's welfare. The Court of Appeals held:

1. The complaint was filed in the original hearing under 1647-1648 GC. The former section provides that any person having knowledge of a minor under eighteen who appears to be a neglected child, may file a sworn complaint with the juvenile court.

2. The latter section provides that a citation shall issue requiring the minor to appear, or any one having custody, or the judge may issue a warrant for the arrest of such person as is charged with neglect of the child, etc. Further provision is made where the citation cannot be served for it to be published once in a newspaper.

3. As one of the grounds for vacation is fraud and as the motion was not filed until five years thereafter same is barred by Sec. 11631 GC. which provides such action shall be brought within two years.

4. As to the service, both parents had abandoned the child and the fact that the record does not disclose that an affidavit was filed is not material because of the principle as to jurisdiction of juvenile courts.

5. "The fundamental principle of the Juvenile Acts is the conservation of the child. In the exercise of the power of parens patriae, the legislature has established the Juvenile Court and delegated to it certain of its powers. There is no authority to support the contention that notice to the parent is a condition prerequisite to jurisdiction of the Juvenile Court over the child." Blaier v. Crouse Supt. 13 App. at pg. 74.

6. "Service of citation upon the parent of the child in a proceeding under Sec. 1647-48 GC. is not a condition precedent to jurisdiction over the child." See supra.

7. The salutory principle of the Juvenile Court is to protect the minor and under the facts in this case there are no errors in law prejudicial to the petitioner.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp for Orphan Home; Alfred Safran for Veselich; all of Cleveland.