### LEVENSON v WOLFSON et

Ohio Appeals, 1st Dist, Hamilton Co

No 3804. Decided July 6, 1931

Messrs. Cohen, Mack & Hurtig and Messrs' Dinsmore, Shohl & Sawyer, Cincinnati, for plaintiff.

Joseph L. Meyer, Cincinnati, and Mr. Jack B. Dworken, Cleveland, for defendants.

ROSS, PJ.

It is claimed that the widow was empowered to convey the fee in the property under the following clause in the will of her deceased husband:

"ITEM III. The rest and residue of my property wherever situated, whether real, personal or mixed, I give, devise and bequeath to my wife, Adeline L. Martin, to hold and expend the income thereof for her natural life. I give to her the further power to spend all or any part of the principal in her absolute and unqualified discretion. After the death of my wife, I give, devise and bequeath two-thirds of said property as follows:"

The contention of those resisting the registration of the title is, that the widow was only empowered by the added provision permitting her to spend the principal, to expend the personal property. It is contended that no power under the will was given the widow to deed the fee in the real estate.

The widow is definitely given full power to spend all or any part of the principal. What did the testator mean by "spend?" What did he mean by "principal?" There is no circumstance shown requiring other than an ordinary meaning of the words used. The will was drawn by a trained scrivener and the testator must have had the benefit of competent legal advice as to just the effect the words used would produce.

The word "spend" means: "To consume by using in any manner—to use up, to exhaust, distribute, as to expend money or any other possession. Webster's New International Dictionary, 1930.

"Principal" means when used as here the principal "of an estate or portion of an estate of a decedent in general, the **corpus** or main body of the estate, portion, devise or bequest—distinguished from income." Id.

Taking these ordinarily accepted meanings of the words used in connection with the expressed wish of the testator, that the widow's action should be limited only by her **absolute** and **unqualified** discretion, we

conclude she had full power to dispose of any part of the estate, whether real or personal, by deed in fee or otherwise as she saw fit.

It is contended that such construction renders the provision for the remainderman of no effect. We think not. The evident wish that the widow should confine her use of the estate to the income is manifest. But just as manifest is the clearly expressed intention of the testator to give the widow the **power** to dispose of the corpus or principal if in her unlimited discretion she saw fit to do so.

In the event she failed to exercise her power of complete disposition, the remaindermen selected by the testator would take.

The only difficulty we find in the consideration of the clause is in the apprehension of an ambiguity in the plain and simple words used and in developing from the language anything but a most natural solicitude for the widow's complete and full protection from any restriction by those who might be contingently interested in so much of the estate as might remain at her death.

The case will be remanded to the Court of Common Pleas of Hamilton County, for such further proceedings as may be in accordance with law and this opinion.

HAMILTON and CUSHING, JJ, concur.