**MAY, Plaintiff-Appellee v. MAY et, Defendants-Appellants.**

Ohio Appeals, Third District, Logan County.

No. 882.   Decided March 31, 1942.

# 136

C. A. Hoopes, Marysville, for plaintiff-appellee.

Howard A. Traul, Bellefontaine; Roy W. Roof, Kenton; P. M. Stewart, Belle Center, for defendants-appellants.

## OPINION

By GUERNSEY, P. J.

This is an appeal upon questions of law and fact from a judgment of the Common Pleas Court of Logan county, Ohio, in an action pending therein designated as cause number 20818 in said court, wherein the appellee Theodore May was plaintiff and the appellants John May and Ruth Cranston, Clerk of the Common Pleas Court of Logan county, Ohio, were defendants.

The action is one to set aside a judgment rendered in cause number 20284 in said court wherein the defendant-appellee John May was plaintiff, and the plaintiff-appellant Theodore May was defendant, upon the ground of fraud practiced by John May, the successful party in said action, in obtaining said judgment.

The petition of the plaintiff, omitting the caption, signatures of attorneys, and oath, is in the words and figures following, to wit:

"Plaintiff says that on the 16th day of December, 1938, the defendant, John May, filed an action against him in this court, in cause No. 20284, to recover upon an account for services rendered in the sum of $760.15; that thereafter, to wit: on or about the 15th day of January, 1939, plaintiff effected a settlement of said claim with Elmer L. Godwin and Anthony T. Bray, attorneys of record for the defendant in said cause, whereby plaintiff paid said attorneys the sum of $225.00 in full settlement of said suit. Plaintiff says that said attorneys accepted the payment of said sum and still have possession thereof.

"Plaintiff further says that thereafter the defendant failed and refused to dismiss said action and that thereupon, plaintiff filed an

answer setting up the making of said settlement with the said attorneys, Elmer L. Godwin and Anthony T. Bray.

"Plaintiff says that up until the 10th day of October, 1940, no reply had ever been filed to said answer and said case was not at issue. That on said 10th day of October, 1940, the defendant, John May, filed a reply to said answer denying the allegations thereof and on the same day, said cause was submitted to a jury and a judgment rendered against the plaintiff in the sum of $841.25. That the plaintiff had no knowledge of the filing of said reply and had no knowledge that the cause was assigned for trial on said date and was, therefore, unable to appear and protect his interests in said suit.

"Plaintiff further says that upon the hearing of said suit, the said Elmer L. Godwin and Anthony T. Bray were called as witnesses and testified that they were not questioned as to whether they had made the settlement set up in the answer, although said answer stated that such a settlement had been made with the said Elmer L. Godwin and Anthony T. Bray.

"Plaintiff says that the facts hereinabove alleged constitute a fraud perpetrated against and upon the plaintiff.

"Plaintiff further says that he has deposited with the defendant, Ruth Cranston, Clerk of this court, the sum of $1000.00 as a guarantee of the payment of said judgment and that said Ruth Cranston will, unless restrained by an order of this court, pay said judgment out of said sum of $1000.00, to the defendant, John May. That plaintiff is without an adequate remedy at law.

"Wherefore plaintiff prays that the judgment heretofore rendered by this court, in the case of John May against Theodore May, Case No. 20284, be vacated, set aside and held for naught, and that a temporary restraining order issue enjoining the defendant clerk from paying said judgment or any part thereof, and that upon final hearing hereof, said temporary restraining order be made perpetual and said clerk directed to return said payment to the plaintiff, and for such other relief as justice and equity require."

The answer of the defendant to the petition, omitting the caption, signatures of attorneys, and oath, is in the words and figures following, to wit:

"Now comes the defendant, John May, and not waiving his demurrer to the petition heretofore filed herein, nor his exception to the overruling of said demurrer, which demurrer and exception he hereby expressly reaffirms, and by way of answer, admits that on the 16th day of December, 1938 the defendant herein, John May filed his action against the plaintiff herein, Theodore May, upon an account for services rendered praying for judgment in the amount of seven hundred sixty and 15/100 dollars ($760.15); defendant John May further admits that no reply was filed by him to the answer of the plaintiff herein up until the 10th day of October,

1940; that said John May further admits that on the 10th day of October, 1940, he filed a reply to the answer of the plaintiff herein, Theodore May, denying the allegations of said Theodore May's answer and that said cause was submitted to a jury and that judgment was rendered against the plaintiff herein in the sum of eight. hundred forty one and 25/100 dollars ($841.25); defendant herein, John May, further admits that the plaintiff herein, Theodore May, deposited with Ruth Cranston, as co-defendant and Clerk of the Court of Common Pleas of Logan county, Ohio, the sum of one thousand dollars ($1000.00) on or about the 8th day of February, 1941, as provided in §12223-11 GC.

"First Defense.

Further answering this defendant denies each and every allegation in plaintiff's petition contained save and except those herein admitted to be true.

"Second Defense.

For his further and second defense, defendant incorporates. herein all of his first defense the same as if fully re-written herein and says further that heretofore to wit: on or about the 14th day of October, 1940, in the Court of Common Pleas of Logan county, Ohio, in an action therein pending, being No. 20284 wherein one John May the defendant herein was plaintiff and the plaintiff herein, Theodore May, was defendant, a verdict was recovered at the consideration of the court and jury in favor of the plaintiff; that on or about the 4th day of November, 1940 a judgment was entered on. said verdict and that the cause of action therein arose out of the same statement of facts pleaded by the plaintiff in this action and that the verdict of the jury and judgment of the court established plaintiff's rights against the defendant in said cause of action. Defendant further says that said verdict and judgment is a full and complete bar to plaintiff's cause of action herein because all things. and matters complained of in plaintiff's petition have heretofore been tried and determined are therefore res adjudicata.

"Third Defense.

For his further and third defense, defendant herein, John May, incorporates herein all of his first and second defense, the same as. if fully rewritten herein and says further that heretofore, to wit: on or about the 7th day of March, 1941, the Court of Appeals of Logan county in an action therein pending, being No. 870 wherein one John May was plaintiff-appellee and Theodore May, the plaintiff herein, was defendant-appellant, said verdict and judgment entered on said verdict was found to have been rendered without error therein, prejudicial to the defendant-appellant and said judgment. of the Court of Common Pleas should be and the same is hereby affirmed as found by the Court of Appeals and that said cause of action therein arose out of the same facts pleaded by the plaintiff

in this action and that the judgment and finding of the court of appeals as therein set forth in said action established that defendant, John May, herein was rightfully entitled to recover on his verdict and judgment against the defendant therein. Defendant herein, John May, further says that said judgment and verdict is a full and complete bar to plaintiff's cause of action because all matters and things complained of in plaintiff's petition have heretofore been tried and determined and therefore are res adjudicata.

"Wherefore, having fully answered defendant prays that said petition may be dismissed, that said temporary injunction heretofore granted be dissolved, that he may go hence with his costs and for such other and further relief as may be just and proper in the premises."

The reply of the plaintiff to the answer is a general denial.

The case is tried de novo in this court upon said petition, answer and reply, and a transcript of the evidence introduced upon the trial of said cause in the Common Pleas Court.

It is unnecessary to decide whether this action is a special proceeding under the provisions of §§11631 to 11643, both inclusive, of the **General Code**, brought after the term at which the judgment is rendered, to set aside such judgment upon the ground of fraud practiced by the successful party in obtaining the same, or whether it is an original equitable action, independent of the provisions of said section, coming within the jurisdiction of the Common Pleas Court as a court of general jurisdiction, to cancel or annul a judgment for fraud practiced by the successful party. **Howenstine v. Sweet et, 13 O. C. C., 239. Darst v. Phillips, 41 Oh. St., 514.**

In either event the petition does not allege facts showing any fraud practiced by John May in procuring the judgment in his favor against Theodore May, in cause number 20284 in the Common Pleas Court of Logan county, Ohio, which would warrant the setting aside, upon the ground of fraud, of the judgment secured by John May in said action.

The fraud or undue advantage for which a court will set aside a judgment or decree must consist of extrinsic facts outside of and collateral to the matter actually tried not related to matter concerning which the judgment or decree was rendered. **Michael v. National Bank, 84 Oh. St., 370.**

The petition in the instant case shows affirmatively that settlement of the cause of action sued upon in cause number 20284 was pleaded by the defendant Theodore May, as a defense to said action and that this defense was put in issue by reply to said answer filed by John May in said action, and was one of the matters to be tried by the court.

In this situation Theodore May had the burden of proving such settlement as a defense to said action, and John May was not under

any obligation and did not owe any duty to Theodore May or to the court on the trial of said cause, to offer or introduce evidence tending to prove the defense of settlement made by Theodore May. This is true irrespective of the pleaded fact that Theodore May did not have knowledge of the filing of such reply or that the case had been assigned for trial on the date the same was tried, as no facts are pleaded showing any obligation on the part of John May to make such fact known to Theodore May or showing any concealment of such fact by John May from Theodore May.

This being the case, the pleaded fact that Elmer L. Godwin and Anthony T. Bray, attorneys of record for John May in said cause 20284, to whom Theodore May had paid the sum of $225.00 in full settlement of the cause of action pleaded in his petition therein, were on the trial of said cause, in the absence of Theodore May, called as witnesses and testified but were not questioned as to whether they made the settlement set up in the answer, did not constitute any showing of fraud practiced upon Theodore May or upon the court in the procurement by John May of the judgment in his favor.

The facts mentioned are the only facts upon which the plaintiff predicates his claim of fraud on the part of the defendant John May in the procurement of the judgment sought to be set aside, and for the reasons above mentioned do not constitute any showing of fraud which would warrant the setting aside of said judgment, or any fraud whatever.

An examination of the transcript of the evidence discloses that there is no evidence tending to prove any facts in addition to those pleaded, and that the allegations of the petition with reference to Godwin and Bray being called as witnesses on the trial of said cause number 20284 in the Common Pleas Court, and testifying therein but not being questioned as to whether they had made the settlement set up in the answer, is not sustained by the evidence, Godwin's testimony only going so far as to show that he testified as a witness at said hearing and certain questions were asked him, but not showing that questions with reference to settlement were not asked him, and the testimony of Bray not even showing that he was called as a witness or testified at said hearing.

For the reasons mentioned, the plaintiff in the instant action failed either to plead or prove facts warranting the court in setting aside said judgment in cause number 20284, upon the ground of fraud in its procurement. Accordingly, a judgment and decree will be entered upon the issues joined, in favor of the defendants and against plaintiff, and plaintiff's petition will be dismissed at his costs.

CROW and JACKSON, JJ., concur.