Turner, J.
 

 As this proceeding was commenced on March 15, 1941, and the transactions therein referred to took place between February 25, 1938, and July 1, 1939, the statutes in effect at such times govern the decision of this case. (Section 26, General Cod
 
 e: Bode, Admx.,
 
 v.
 
 Welch,
 
 29 Ohio St., 19;
 
 Palmer
 
 v.
 
 State, 42
 
 Ohio St., 596;
 
 Elder
 
 v.
 
 Shoffstall,
 
 90 Ohio St., 265, 107 N. E., 539;
 
 State, ex rel. Cleveland Ry. Co.,
 
 v.
 
 Atkinson, Admr
 
 , 138 Ohio St., 157, 34 N. E. [2d], 233.) The Probate Court correctly followed this procedure.
 

 The applicable statute, Section 10509-133, General Code (116 Ohio Laws, 385, .400), provided:
 

 “When a claim against the'estate of a deceased person has been presented to the executor or administra
 
 *420
 
 tor, and has been rejected by him in whole or in part, * * * the claimant or person deriving title from him, must commence an action thereon within two months
 
 after receipt of actual notice of such rejection
 
 * * * or be forever barred from maintaining an action thereon *
 
 * *.
 

 “For the purposes of this section the action of a claimant shall be deemed to have been commenced when the petition and praecipe for service of summons on the executor or administrator have been duly filed.” (Italics ours.) This section has since been amended, 119 Ohio Laws, 394, 412, Section 1, and the italicized words “receipt of actual” have been omitted but a different notice provision is now contained in Section 10509-113, General Code (119 Ohio Laws, 408).
 

 Section 10509-112, General' Code (114 Ohio Laws, 320, 426), at the time in question provided in part:
 

 “Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. *'* *”
 

 Section 10509-113, General Code (114 Ohio Laws, 320, 426), at the time in question provided:
 

 “A claim shall be deemed disputed or rejected, if the executor or administrator,' on presentation of the vouchers thereof, refuses, on demand made to indorse thereon his allowance of it as a valid claim against the estate.”
 

 The reasons for the holding of the Probate Court may be summarized as follows:
 

 1. An administrator is without authority to waive auv statute providing for the limitation of action, set
 
 *421
 
 forth in the Probate Code, affecting the administration of estates.
 

 2. Since an administrator is not permitted to waive a statute of limitations, it is mandatory that he plead the statute in an action in which he is made the party defendant.
 

 3. The administrator’s failure to plead the statute of limitations in defense of an action filed against the trust makes him personally liable for any judgment had against the estate and paid out of the funds of the estate.
 

 We have no criticism of such statements of the law but in our opinion the questions underlying those statements were not reached in this proceeding.
 

 Whether Section 10509-133, General Code, is a non-claim statute or a statute of limitation which might be waived, is immaterial in disposing of our question here. This court did hold in
 
 State, ex rel. Fulton, Supt.,
 
 v.
 
 Bremer, Admx.,
 
 130 Ohio St., 227, 198 N. E., 874, that unless action was commenced within two months after the rejection of a claim by an administrator, such claim was barred. Suffice it to point out that the applicable statute did not begin to run
 
 until the receipt by the claimant of actual notice of the rejection.
 
 Neith-. er the pleadings nor the proof disclose the date of the rejection of the claim. While the probate judge made inquiry of counsel in respect of such date, no date was given.
 

 It is the contention of appellants that the burden of proof of the date of the rejection rested upon appellee and that in the absence of such proof the Probate Court was justified in assuming from mere lapse of time between the appointment of the administrator and the commencement of the action in the Municipal Court,
 
 *422
 
 that the Municipal Court action was not filed within two months after the receipt by the claimant of actual notice of rejection.
 

 As a general rule when the correctness of a credit taken by an administrator in an account is challenged the burden of establishing the validity of such credit is upon such administrator.
 
 Steward
 
 v.
 
 Barry, Admr.,
 
 102 Ohio St., 129, 131 N. E., 492. See, also,
 
 Miller
 
 v.
 
 Ewing, Admr.,
 
 68 Ohio St., 176, 177, 67 N. E., 292.
 

 We are of the opinion that under the then applicable statutes a
 
 prima facie
 
 case had been made on behalf of the administrator when appellants introduced in evidence, on the- hearing upon the exceptions the petition and answer filed in the Municipal Court together with a transcript of the docket of the Municipal Court, which disclosed that judgment had been rendered against the administrator in a case wherein the court had obtained jurisdiction of the administrator. Unless the exceptors were able to show that the judgment had been obtained through fraud or collusion or that the action had not been brought within two months after actual notice to the claimant of the rejection, such
 
 prima facie
 
 case prevailed.
 

 • Appellants did attempt to prove active fraud and collusion. Such claim was not supported by the evidence and this claim was rejected by the trial court. No evidence, although requested by the trial court, was offered to show that the Municipal Court action was not filed within two months after the receipt by the claimant of actual notice of the rejection. Fraud is never presumed but must be shown by clear and convincing proof. '
 

 ' It is to be noted that while Section 10509-112, G-eneral Code, required the administrator to allow or reject all
 
 *423
 
 claims, except contingent claims, within thirty days after their presentation, the bar of Section 10509-133, did not begin to run until two months after the receipt by the claimant of the actual notice of the rejection. It is argued by appellants that the phrase contained in Section 10509-133, General Code (116 Ohio Laws, 400), “after receipt of actual notice of such rejection or reduction” applied
 
 only
 
 to cases where a claim had-first been allowed by the administrator or executor- and then subsequently had been “rejected or further reduced by the court.” We do not think the section may be given such narrow construction. On the contrary, the section specifically covered a claim which had'simply been rejected. • ■ ' • . ■ ■ >4
 

 Appellants could easily have settled all doubt on this score by making inquiry of the administrator whom the record shows was called by counsel for appellants for examination under Section 10509-170, 'General' -Code, which provides in part: “* 1 'f^LIe- may be-.examihed.-on oath on any matter relating to his accounts and the payments therein mentioned * * *.” In the absence of proof to the contrary the administrator was entitled to the presumption of having done his duty. In
 
 Smith et al., Trustees,
 
 v.
 
 Fuller,
 
 86 Ohio St., 57, 99 N. E., 214, L. R. A. 1916C, 6, Ann. Cas. 1913D, 387, it was held: “* * * a presumption will be indulged, in the absence of proof to the contrary, that the trustee intended to perform and not violate his duty * * *.”
 

 It will be noted that as Sections 10509-113 and 10509-133, General Code, have been amended (119 Ohio Laws, 408 and 412) notice of rejection is to be given personally or by registered mail delivered at the address given on the claim.
 

 
 *424
 
 Under the statute as it read at the time in question a case might have arisen where a claim was duly presented and duly rejected but for some good reason actual notice of the rejection did not reach the claimant until after the lapse of considerable time. As stated by the probate judge in his opinion: “It is the actual date of the filing of the claim and the date of the rejection which are important.”
 

 Being of the opinion that the Court of Appeals did not err in reversing the judgment of the Probate Court for error in assuming without any proof thereof the date of rejection of claim and actual notice to the claimant thereof, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.