KERN, APPELLEE, *v.* KERN ET AL., APPELLANT.*

*Motion to certify the record overruled, November 9, 1955.

(No. 256—Decided May 25, 1955.)

Mr. J. B. Palmquist, for appellee.
Mr. Bruce B. Laybourne and Mr. Wm. R. McClenathen, for appellant.

HUNSICKER, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Medina County, Ohio.

On July 30, 1943, Charles J. Kern died, leaving his widow, Elizabeth Kern, now deceased; a son, the appellee herein, Harry R. Kern; and a granddaughter, Barbara Louella Beebe, now Mrs. Fillingim, the petitioner below, appellant herein. The will and codicil of Charles J. Kern gave his property to his wife for life, with power to consume, and the remainder he gave to his son and his granddaughter.

Elizabeth Kern was 70 years of age at the time of the death of her husband. Harry R. Kern, appellee, was a partner with his father in a sheet metal business. The estate was appraised, after all costs and deductions, at $9,318.56, which included the business property and the family home. Elizabeth Kern had, in addition to this estate, $1,700 as a year's allowance to the surviving spouse, $2,500 as property exempt from administration, life insurance in the approximate amount of $4,500, $2,050 face amount of war bonds held in joint ownership with her husband, and a small joint bank account. The amount of cash given to Elizabeth Kern from her husband's estate was $1,894.46.

Harry Kern elected to take, at its appraised value, the interest of his father, who was his partner in the sheet metal business, which election was consented to by his mother, the executrix, Elizabeth Kern. The estate was closed on April 26, 1945.

On February 21, 1944, while the estate of Charles J. Kern was being administered, Elizabeth Kern, in her own person and not as executrix under the will, executed and delivered, to Harry R. Kern, a warranty deed, in which she granted to him a fee simple title to the real property occupied by the sheet metal business.

On March 14, 1949, Harry Kern, having heard that there was some question as to his title to the real estate so transferred to him by his mother, filed his petition for declaratory judgment in the Common Pleas Court of Medina County—naming therein, as parties defendant, Elizabeth Kern, his mother (the former executrix of the estate of Charles J. Kern, deceased), and Barbara Louella Beebe (now Mrs. Fillingim, the appellant herein), the granddaughter, then a minor, 17 years of age. Proper service was had on the parties. The person with whom Mrs. Fillingim then lived, a Mrs. Coleman, waived service and entered her appearance.

This petition for a declaratory judgment set out some of the facts above detailed, and further alleged facts claiming to show that the transfer of the real estate was made to Harry Kern by his mother, Elizabeth Kern, for good and valuable consideration. A guardian for the suit was named to represent Barbara Beebe (now Fillingim), who filed a general denial.

The trial court, after hearing, rendered judgment in favor of Harry Kern, and quieted the title in him as to the real estate in question. This judgment was entered on May 3, 1949.

On August 21, 1952, Barbara Louella Beebe Fillingim became 21 years of age, and on January 23, 1953, she filed a petition to vacate the declaratory judgment so entered on May 3, 1949.

The petition to vacate the judgment of May 3, 1949, and the proffered answer, alleged that a fraud had been committed upon the court in securing the judgment quieting title in Harry R. Kern (Section 2325.01 [D], Revised Code), and further set

out that the action was brought within one year from the time the petitioner reached her majority. This latter claim is based on the assertion that the court erred as a matter of law in entering the judgment (Section 2325.01 [B], Revised Code), depriving Mrs. Fillingim of her interest in remainder in such real property transferred by the life tenant to Harry R. Kern.

The trial court, after a hearing on the petition to vacate the judgment of May 3, 1949, denied the request. From the judgment so entered, an appeal on questions of law is before this court, wherein the appellant, Mrs. Fillingim, says:

"The trial court erred in failing to grant defendant-appellant the relief prayed for in the petition to vacate.

"The trial court erred in failing to grant defendant-appellant's motion for new trial."

There was before the trial court, in the hearing on the motion to vacate, all of the proceedings in the Probate Court involving the estate of Charles J. Kern, and oral testimony. Harry Kern did not testify on direct examination, although he was interrogated at length as on cross-examination. There was some conflict in his testimony, but the trial court had before it evidence from which it could conclude that the petitioner had not sustained the burden of proof necessary in such cases to establish fraud.

Fraud is not to be presumed; it must be proved by the party alleging the fraud. The one who alleges fraud (at least as a cause of action, as distinguished from a defense) must establish the fraud by clear and convincing evidence. See: *First Discount Corp.* v. *Daken,* 75 Ohio App., 33, at p. 36, 60 N. E. (2d), 711; *Buckeye State Bldg. & Loan Co.* v. *Schmidt,* 131 Ohio St. 132, at p. 139, 2 N. E. (2d), 264; *In re Estate of Lamberton,* 142 Ohio St., 417, at p. 422, 52 N. E. (2d), 855; *In the Matter of Veselich, a Minor,* 22 Ohio App., 528, paragraph four of syllabus, 154 N. E., 55; *Kight* v. *Boren,* 39 Ohio Law Abs., 96, 67 N. E. (2d), 48; 19 Ohio Jurisprudence, Fraud and Deceit, Section 244.

It is the established rule in Ohio that—

"2. The fraud or undue advantage for which a court of equity will set aside a judgment or decree, must consist of extrinsic acts outside of and collateral to the matter actually tried

by the first court and not related to the matter concerning which the judgment or decree was rendered." *Michael* v. *American National Bank,* 84 Ohio St., 370, 95 N. E., 905, 38 L. R. A. (N. S.), 220; and, to the same effect, *May* v. *May,* 72 Ohio App., 82, at p. 87, 50 N. E. (2d), 790.

We cannot say from our review of the matter that the trial court committed prejudicial error in finding that no fraud had been practiced upon the court by Harry Kern in obtaining the declaratory judgment quieting title to the real property transferred to him by his mother, Elizabeth Kern.

We now consider the second claim of prejudicial error, to wit: Did the trial court err as a matter of law when such court entered judgment for Harry Kern in the declaratory judgment action quieting title to the real property named herein? The principal question, then concerns the right of Elizabeth Kern to sell the business property, thereby cutting off the estate in remainder given to Mrs. Fillingim.

That portion of the will of Charles J. Kern, deceased, under which Elizabeth Kern transferred the lands to Charles Kern, reads as follows:

"Second. I give devise and bequeath all the rest and residue both personal and real of every kind whatsoever to my beloved wife, Elizabeth Kern, to have the use, control and benefit of the same for her own support, using so much thereof as may be necessary to care for herself both in health and sickness so long as she may live."

Did this provision give to Elizabeth Kern the right to sell this real property? Counsel for both parties cite, as authority, the case of *Johnson* v. *Johnson,* 51 Ohio St., 446, 38 N. E., 61. This case, holding with the general rule in such cases, says that a life tenant, with the power of sale, granted in a will, does not have the right to dispose of the property by gift, and must exercise the power given according to the terms of the will.

The *Johnson case, supra,* so far as it found in similar language that a life estate had been created, was approved and followed in *Tax Commission* v. *Oswald, Exrx.,* 109 Ohio St., 36, 141 N. E., 678, wherein the court said, at page 51:

"A power is not property, but a mere authority, and an absolute power of disposal is not inconsistent with an estate

for life only. The gift of such power will not enlarge the life estate previously given, but confers an authority in addition thereto. One may have a life estate and yet be empowered to convey an estate in fee simple.

"We have therefore reached the conclusion that this will contains a gift for life, with power to invade the principal in whole or in part and consume the same, if necessary, 'as she may deem best to better her condition,' and is no more than a life estate, coupled with the limited power to be exercised for the benefit of the life tenant."

In the instant case there is a life estate, coupled with a limited power to be exercised within the terms of the will by the life tenant. The right of Elizabeth Kern to exercise the power given, depended on the necessity of the life tenant at the time of execution of the deed in question. The trial court specifically found that such necessity did exist, and approved, by way of a declaratory judgment, the transfer to Charles Kern.

A collation of authorities on the subject before us may be found in 2 A. L. R., 1243, et seq.; 27 A. L. R., 1381, et seq.; 69 A. L. R., 825, et seq.; and 114 A. L. R., 946, et seq. The cases cited therein set out the general rule to be that, where a life tenant under a will is given power to enjoy the principal for the purpose of support and maintenance, such life tenant may use any or all of the corpus for that purpose if it becomes necessary. The enjoyment is personal to the life tenant, and thus excludes waste, gift, and testamentary disposition.

We have searched the cases in Ohio for a similar factual situation, but do not find one with language such as Charles J. Kern used in the will before us. The case of *Levenson* v. *Wolfson*, 42 Ohio App., 332, 182 N. E., 116, holds that, where a will gave to a wife the power "to spend all or any part of the principal in her absolute and unqualified discretion," such wife had the power to sell real estate. In the instant case before us the power to use is limited by the word "necessary."

We have found two other Ohio cases bearing in general on the question in the instant case—to wit, *Huston* v. *Craighead*, 23 Ohio St., 198, and *Smaltz* v. *Prindle*, 15 Ohio Law Abs., 145. The view expressed in these cases is that where a life tenant

has the power to use the corpus of the estate for such tenant's needs and comfort, there can be a sale for a consideration to supply such life tenant's needs during life.

In the *Smaltz* v. *Prindle case, supra*, the court found that, even though a second wife contributed all of her earnings to the support of herself and her husband, this did not furnish a consideration for a conveyance to her by her husband of property which he held as a life tenant under the will of his former wife, with power to sell for a substantial sum to provide for his needs and comfort.

When we examine the authorities set out in 2 A. L. R., at pp. 1285 to 1297, wherein many cases bearing on the instant problems are set out, and a similar discussion of authorities on the same point in 69 A. L. R., at pp. 830-831, we find a great conflict in the conclusions reached in the several state jurisdictions. No general rule can be stated with certainty; each case depends upon the language used in the will or other instrument by which the life tenancy was established.

The testator in our case, Charles Kern, said the life tenant, his wife, Elizabeth Kern, could have the estate, "using so much thereof as may be necessary to care for herself both in health and sickness so long as she may live."

The word "necessary" is defined in Webster's New International Dictionary, Second Edition, as: "1. Essential to a desirable or projected end or condition * * *." The synonym is given as "needful."

Of course, the court must give a liberal interpretation to the word "necessary" as used in this instrument, but, giving it a broad and liberal interpretation would not in this case disclose that it was necessary to sell this property for the use of the life tenant. At the time the transfer was made to Harry Kern, the estate of Charles Kern was not yet closed. Harry Kern had just paid the estate for the partnership interest of his father. Elizabeth Kern had insurance, a bank account, war bonds, year's support, property exempt from execution, money from the sale of the partnership, some personal property, and some monthly income of rent. The value of the property she had at the time this real estate was sold totaled nearly $20,000. There was no mortgage on the home.

From the evidence before us in this case (which was the action to set aside the judgment quieting title to the business real estate in Harry Kern), this court concludes that reasonable minds could come to but one conclusion—namely, that Mrs. Fillingim, within a year after reaching her majority, has established a prima facie case showing an error of law in entering the judgment of May 3, 1949, in favor of Harry Kern.

The trial court should have vacated the judgment of May 3, 1949, and permitted Mrs. Fillingim to file her answer proffered therein.

The judgment in the instant case is reversed, and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and DOYLE, J., concur.