IN RE ESTATE OF KYLE.

(No. 549—Decided June 6, 1958.)

*Mr. Raymond E. Cookston* and *Mr. Owen C. Neff,* for appellant Arthur K. Beedle.

*Messrs. Faust & Harrelson,* for appellees remaindermen.

CRAWFORD, J. This cause is before us as an appeal on questions of law from an order of the Probate Court of Miami County requiring Maggie Kyle Beedle and her son, Arthur K. Beedle, both as her guardian and individually, to deliver to a trustee (when appointed upon proper application) certain assets which came into their hands from the estate of Mary A. Kyle, deceased.

There might conceivably be some question whether this constituted a final order. But that question has not been raised. And in our view, assuming that it is a final order, still the procedure may need some modification. Hence, so as to expedite

the conclusion of the matter we shall, like counsel, treat the order as a final one.

The will of Mary A. Kyle, deceased, was admitted to probate in Miami County, Ohio, about November 4, 1949. Item IV of her will provides:

"Subject to the above items, I give, devise and bequeath to my sisters Clara Kyle Demmitt and Maggie Kyle Beedle, all the property of which I die possessed, for and during their natural lives in equal shares, and to the survivor of them for life. If it should become necessary for the comfort and support of either that a part or all of the principal be used, then each may use her one-half of the principal, or the survivor may use all."

Item V of her will bequeathed and devised the remainder to nieces and nephews. None of these remaindermen, who are nonresidents of Ohio, received notice of the probate of the will. The assets were distributed to Clara Kyle Demmitt and Maggie Kyle Beedle and the final account was filed on June 26, 1950.

Thereafter, Clara Kyle Demmitt died, and her estate was administered in the Probate Court of Miami County. Thereupon, for all practical purposes involved here, Maggie Kyle Beedle became the sole surviving life tenant and as such acquired the remainder of the personal assets and securities which had belonged to the estate of Mary A. Kyle.

Maggie Kyle Beedle is now approximately 90 years of age. She has removed, with the assets, to Cuyahoga County; and her son, Arthur K. Beedle, has now been appointed her guardian by the Probate Court of that county and has apparently taken full charge of all her assets including the property here in question.

On April 9, 1954, four remaindermen filed in the Probate Court of Miami County an application to commit securities to a trustee and to restore funds. Upon this application the Probate Court of Miami County made the order now appealed from.

The remaindermen, appellees herein, rely upon the provisions of Section 2113.58, Revised Code, which reads as follows:

"When by a last will and testament the use or income of personal property is given to a person for a term of years or for life and some other person has an interest in such property as remainderman, the Probate Court, unless such last will and tes-

tament otherwise provides, may deliver such personal property to the person having the limited estate, with or without bond, as the court may determine; or the court may order that such property be held by the executor or some other trustee, with or without bond, for the benefit of the person having the limited estate. If bond is required of the person having the limited estate, or of the trustee, it may be increased or decreased, and if bond is not required in the first instance it may be required by the court at any time prior to the termination of the limited estate.''

No bond has ever been required. But the limited estate of Maggie Kyle Beedle not having terminated, the Probate Court of Miami County is clearly empowered to require of her a bond at this time.

Having only a limited estate, Maggie Kyle Beedle is in some sense a fiduciary for the remaindermen. 20 Ohio Jurisprudence (2d), 317, Estates, Section 78; *Johnson* v. *Johnson,* 51 Ohio St., 446, 38 N. E., 61; *In re Estate of Graham,* 65 Ohio Law Abs., 161, 98 N. E. (2d), 104.

While we cannot agree with the argument that she is required to obtain the approval of the Probate Court before consuming any portion of the principal necessary for her comfort and support, nevertheless her acts in so doing are subject to judicial inquiry by that court. *Kern* v. *Kern,* 100 Ohio App., 327, 136 N. E. (2d), 675.

The statute provides no standard by which the court shall determine whether a bond ought to be required. The question is left to the court's discretion. It is unnecessary that fraud or waste or devastavit should appear. If the best interests of the remaindermen or of the person having the limited life estate so require, the court is justified in requiring bond. It is our opinion that the Probate Court in Miami County did not abuse its discretion in the circumstances of this case in determining that something should be done for the protection of the remaindermen.

Precisely what should be done at this point may be open to some question, as may be also the power of the court to appoint a trustee immediately.

But clearly the course outlined by the statute, that of requiring a bond at any time prior to the termination of the life

estate, is within the power of the court. There is no form of application specified for accomplishing that purpose, and it would undoubtedly be the duty of the court, of its own motion, to require such bond if the need appeared.

If an order is made requiring that a bond be given, and such order is not promptly complied with, then surely the court has before it a matter upon which it possesses plenary power to compel the furnishing of bond, or to employ such alternative measures as may adequately protect the remaindermen. Section 8, Article IV, Constitution. Section 2101.24, Revised Code. As to plenary power see *In re Estate of Miller,* 95 Ohio App., 457, 121 N. E. (2d), 26, affirmed in 160 Ohio St., 529, 117 N. E. (2d), 598, 46 A. L. R. (2d), 493.

The various cases cited by appellant to the effect that a life tenant was entitled to distribution, prior to the enactment of Section 2113.58, Revised Code, can have no bearing. Our question is what may be done after distribution, under the present statute.

Nor does the fact that there have been cases (cited in the briefs) in which relief has been granted in the Common Pleas Court, preclude the Probate Court from exercising the authority granted it under the statutes and the Constitution.

Appellant, Arthur K. Beedle, guardian, has laid considerable stress upon the case of *In re Estate of Sexton,* 163 Ohio St., 124, 126 N. E. (2d), 129. In that case no bond had ever been required of the life tenants, both of whom were then deceased. Thereafter, one claiming to be an heir, legatee and devisee, filed a petition for discovery of assets under Section 2109.50, Revised Code. It was there held that:

"* * * where the executor of the estate lawfully distributes such personal property to the life tenant and where no bond is ever required from the life tenant, such personal property or its proceeds will not thereafter be or, on the death of the life tenant, will it again become property of such estate."

That case can have no application here, where the life tenant is living and it is still within the power of the court to require of her a bond, and the remaindermen are entitled to relief under a statute which so provides (Section 2113.58, Revised Code).

The contention is made that neither the appellant guardian, Arthur K. Beedle, nor his ward, Maggie Kyle Beedle, has been properly served with summons and that they are not subject to the jurisdiction of the court. The learned judge who made the order in the Probate Court raised the interesting *quaere* whether service of summons is actually necessary in such a proceeding.

Be that as it may, Maggie Kyle Beedle had submitted herself to the jurisdiction of the court by a general appearance prior to the appointment of the guardian. After the appointment both guardian and ward were regularly served as parties, and are amenable to the orders appealed from.

Appellants do not contend that Arthur K. Beedle was ever personally served with summons; nor does any reason appear why he should be so served or made a party, the property in question being in his hands as guardian and not individually.

The cause is remanded to the Probate Court of Miami County with instructions to require that the life tenant, Maggie Kyle Beedle, give such bond as is in the opinion of that court effective and adequate to protect the remaindermen, and if necessary to take such other and further action as will adequately protect the remaindermen as well as the life tenant.

*Judgment accordingly.*

HORNBECK, P. J., and WISEMAN, J., concur.