## Hagler v. Hagler
*[Cite as 4 AOA 513]*

*Case No. CA90-01-001*
*Fayette County, (12th)*
*Decided June 4, 1990*

*Evelyn W. Coffman, 226 East Market Street, Washington Court House, Ohio 43160, for Plaintiff-Appellant, Jessie E. Hagler, Executrix.*

*Vorys, Sater, Seymour & Pease, Robert G. Dykes, 52 East Gay Street, P. O. Box 1008, Columbus, Ohio 43216-1008, for Dependant-Appellee, Jessie E. Hagler.*

*Buckley, Miller & Wright, Jeffrey L. Wright, 34 North Howard Street, Sabina, Ohio 45169, for Dependants-Appellees, Julie Jo Hagler and John Andrew Hagler.*

*Roy David Hagler, 5197 Lewis Road, Bloomingburg, Ohio 43106, pro se.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Fayette County Court of Common Pleas, transcript of proceedings, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

This is an appeal by plaintiff-appellant, Jessie E. Hagler, executrix of the estate of Roy R. Hagler, from a decision of the Fayette County Court of Common Pleas construing the will of Roy R. Hagler.

Roy R. Hagler died on July 31, 1989 and Jessie E. Hagler, his surviving spouse, was appointed executrix of his estate. On September 27, 1989, in her capacity as executrix, she filed a complaint to construe the will naming as parties defendants-appellees, Jessie E. Hagler, Julie Jo Hagler and John Andrew Hagler, the legatees and devisees named in the will. In the complaint, she alleged that she was in doubt as to the true construction of Item Three of the will.

The parties submitted written memoranda to the trial court. Jessie Hagler, as executrix and

individually, argued that the will conveyed a fractional share of the estate in fee simple to the surviving spouse or, in the alternative, a life estate with the power to consume. Julie Jo Hagler and John Andrew Hagler, the children of Roy Hagler's deceased son, argued that the will was unambiguous and that it conveyed a life estate to the surviving spouse with a supervised power of consumption for her support. Roy David Hagler, the decedent's son, did not file a memorandum or that it was "his conclusion that his father intended a fee simple estate to his mother."

On January 8, 1990, the trial court issued an opinion and judgment entry holding that there was no ambiguity or uncertainty in the will and that it conveyed a life estate to the surviving spouse. The court also held that in addition to the income from the life estate, the will conveyed to the surviving spouse a limited power to invade the corpus of the life estate for her necessary support, subject to the conditions of the will, and the power to invest or reinvest the corpus of the life estate without order of the court. This appeal followed.

Jessie Hagler presents two assignments of error for review. In her first assignment of error, she states that the trial court erred in construing the will as conveying a life estate to the surviving spouse, thus ignoring the respective positions of all the parties and the applicable law. She argues that the entire residue of the estate should be distributed to the surviving spouse in fee simple or that the court should have found that the surviving spouse received a life estate with an unlimited power to consume. We find this assignment of error is not well-taken.

In construing a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator, which must be determined from the words contained in the will. *Carr v. Stradley* (1977), 52 Ohio St. 2d 220, paragraph one of the syllabus, following *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477. "All the parts of the will must be construed together, and effect, if possible, given to every word contained in it." *Id.* at 224.

We find no ambiguity in the testator's will. Item Three of the will, when read in total, establishes a complete plan for the disposition of the estate, bearing in mind the federal estate and gift tax consequences.

Item Three of the will begins as follows:

"ITEM THREE: In the event my wife, Jessie E. Hagler, survives me, then I give, bequeath and devise all the rest, residue and remainder of my estate, after payments are made under Items One and Two, as follows:

"(a) I give, bequeath and devise to my said wife, Jessie E. Hagler, to have and to hold for and during the period of her natural life, [a fractional amount of the residuary estate determined with reference to federal estate and gift tax.]"

This paragraph unambiguously conveys a life estate to the surviving spouse.

The will then describes the procedure for calculating and distributing the property included in the life estate. It goes on to state:

"I desire my said wife shall enjoy all the income from said property devised and bequeathed by this Item of my Will, and if said income proves inadequate her necessary support, she shall be permitted to use such part of the principal as shall be required for necessary support. My said wife shall first meet all of her needs and requirements out of any property available for her before she may invade said principal for her necessary support. I further direct that my said wife shall obtain an order from the Probate Court in the county in which she resides finding that an invasion of the principal is necessary for her support.

"My said wife is hereby empowered to invest and reinvest any part of the property devised and bequeathed to her under this Item of my Will and in connection with said investing and reinvesting of said property she is hereby authorized to sell, handle and dispose of, convey and transfer any part of said residue property without order of any Court."

These paragraphs begin by giving the surviving spouse the right to enjoy the income from the property included in Item Three (a). It is a fundamental rule that in the absence of an intention to the contrary in an instrument in which present and successive interests are created, the life tenant is entitled to the income of the property in which she has a life interest. See *De Weese v. Piqua Memorial Hospital Assn.* (1948), 85 Ohio App. 310. The testator also gave the life tenant a limited right to invade the principal for her support, subject to court approval, if the income from the life estate and other assets available to her become inadequate. This was coupled with a power of disposition.

Appellant first argues that the words giving her the power to "sell, handle, and dispose of, convey and transfer" the property gives her a complete power of disposition which enlarges the

life estate into a fee simple. We disagree. A life estate expressly created by the testator will not be converted into a fee simple merely because it is coupled with a limited power to disposition. In such a situation, the will grants only a life estate and a power of disposition under certain conditions. *Tax Commissioner* v. *Oswald* (1923), 109 Ohio St. 36; *Erman* v. *Erman* (1956), 101 Ohio App. 245, 247-48.

"A power is not property, but a mere authority, and an absolute power of disposal is not inconsistent with an estate for life only. The gift of such power will not enlarge the life estate previously given, but confers an authority in addition thereto. One may have a life estate and yet be empowered to convey an estate in fee simple." *Oswald, supra,* at 51. Thus, while standing alone the language granting the power of disposal might seem to grant a fee, when it is read in conjunction with the language unambiguously granting a life estate, it is evident the testator intended to grant a life estate and a power.

Appellant next argues that, under the will, the surviving spouse receives an unlimited power to consume and that the conditions imposed must be construed as precatory. She relies upon *Johnson* v. *Johnson* (1894), 51 Ohio St. 446, which states in paragraph one of the syllabus:

"A testator, after providing for the payment of his debts, used the following language in his will: 'Second -- I give and devise unto my beloved wife, and her assigns, all of the remainder of my property, both real and personal, however the some may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters, and their children, if deceased, the children to have the same amount the parent would be entitled to if living,' Held: That under this will the widow took only a life estate in the property, both real and personal, with power to bargain, sell, convey, exchange or dispose of the same as she might think proper for consumption of her life support, and that what remained at the time of her death, unconsumed in supporting her, belongs to the remaindermen designated in the will."

Although the language of the will in *Johnson* is similar to the language in the will in the present case, it differs in one important respect. There was no limitation in the power to consume.

In the present case, the will contains an express limitation. The surviving spouse may invade the principal only if she attempts to meet her needs "out of any property available to her." When construed with the language of the rest of the will, this language expresses a clear intent by the testator to limit the surviving spouse's right to invade the principal. See *Oswald, supra,* at 49-50; *Kern* v. *Kern* (1955), 100 Ohio App. 327, 332. To adopt appellant's position would be to ignore the express provisions of the will.

The will then provides:

"Upon the death of my said wife, then I give, bequeath and devise on-half of all the property described in this Item of my Will to my son, Roy David Hagler, to be his absolutely and in fee simple. Should my said son be deceased at such time then I give his share to his bodily issue, per stirpes. The other one-half of the property described in this Item of my will, I give, bequeath and devise to my said son, Roy David Hagler, as Trustee in Trust, for the uses and purposes hereinafter mentioned. I will and direct that all of said trust property be held and used by said Trustee upon the following trust, to-wit: The Trustee shall use the income from the trust property, within his discretion, for the care, support and education of my grandchildren, John Andrew Hagler and Julie Jo Hagler. * * *"

This paragraph names the remaindermen who will receive the life estate property following the death of the surviving spouse. It is consistent with the preceding paragraphs.

Item Three (b) then provides:

"I give, bequeath and devise the balance, if any, of my residuary estate (or all thereof if no property passes pursuant to paragraph (a) of this Item) to my said wife, Jessie E. Hagler, to be hers absolutely and in fee simple."

This paragraph leaves the balance of the estate, if any, remaining over after the computation of the fractional share included in the life estate under Item Three (a), to the surviving spouse in fee simple.

Appellant argues that the language used in the paragraph disposing of the remainder interest is inconsistent with the language used in Item Three (b). The testator states that "[u]pon the death of my wife, then I give, bequeath and devise one-half of all the property described in this *Item* of my Will to my son, Roy David Hagler, to be his absolutely and in fee simple * * *. The other one-half of the property described in this *Item* of my Will, I give, bequeath and devise to my said son, Roy David Hagler, as Trustee

* * *." (Emphasis added.) Appellant argues that the property given in Item Three includes gifts made under both subparts (a) and (b). Therefore, the expression of intent to convey a remainder interest in subpart (a) is incompatible with the clear direction in subpart (b) to give the balance of the estate to the surviving spouse in fee simple. However, a reading of the entire will reveals that all of the provisions in Item Three (a) are to be read as affecting the life estate while subpart (b) conveys the balance of the estate not include in the life estate.

In sum, we find that when read as a whole the will is unambiguous and conveys a life estate with a power of a disposition and a limited power to consume to the surviving spouse. Accordingly, appellant's first assignments of error is overruled.

In her second assignment of error, appellant states that the trial court erred in not making the clear what circumstances the corpus can be invaded. She argues that it is unclear from the trial court's order whether the surviving spouse must deplete the assets inherited from the estate which were available to her, or whether she must deplete not only estate assets but all personal and tangible property and real estate she may own in her own name before she may invade the corpus of the estate. We find this assignment of error is not well-taken.

In its opinion and judgment entry, the trial court stated:

"Jessie Ellen Hagler, as life tenant, has the limited power to invade the corpus of the life estate property to provide for necessary support after first meeting her needs and requirements out of any other property available for her, and after obtaining an order from the [p]robate [c]ourt in the [c]ounty in which she resides[.]"

The trial court, in making this order, followed the language of the will itself which is unambiguous.

The life tenant must meet her needs out of any assets available to her, including non-probate assets or any other assets she may individually own, before she may invade the corpus of the life estate. There is no necessity to be more specific. Accordingly, appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.